**EXHIBIT F**

**From:** Charles Brown <cbrown@gsbblaw.com>
**Sent:** Thursday, July 21, 2022 12:05 PM
**To:** Yan, Huaou <huaou.yan@blankrome.com>
**Cc:** Silberfarb, Michael D. <michael.silberfarb@blankrome.com>; Hall, Bryan J. <bjhall@archerlaw.com>
**Subject:** RE: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

Following up on our conversation from the other day.  I am informed that the amendment to the operating agreement was exactly as I assumed.  Right before the sale was scheduled to take place, the purchaser's attorney asked for documentation that Michael Hild had the authority to sign the document.  I am informed that Mr. Hiild draft the agreement himself and made it "as of December 2019" to reflect the fact that Mr. Hild had been managing the company since then.   As I stated, it is my recollection that ever since my involvement including acting as Jason's local counsel, it was always represented that Mr. Hild had been managing all of the Hild entities since his departure from Live Well.

I provided you with documentation reflecting the fact that Virginia was essentially forcing the Hilds to divest themselves of the oyster farming operation.  (Virginia had taken the position that the oyster farming permit had expired notwithstanding that Virginia had accepted the payment the renew the application.)  They buyer who lined up for the oyster farming operation has walked away based upon his counsel's understanding that a government trustee owned or controlled the assets.  The Hilds had been in contact with a marine salvage operator to remove the equipment because of threats of fines and criminal charges that Virginia had made.  The marine salvage company has now refused to touch the equipment apparently over concerns that a government trustee could claim that the equipment was damaged during the removal and the marine salvage operator would face financial exposure based upon that.

**From:** Charles Brown
**Sent:** Monday, July 18, 2022 6:26 PM
**To:** 'Yan, Huaou' <huaou.yan@blankrome.com>
**Cc:** 'Silberfarb, Michael D.' <michael.silberfarb@blankrome.com>; 'Hall, Bryan J.' <bjhall@archerlaw.com>
**Subject:** RE: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

This is one of the letters from Virginia that was provided which states that Virginia was advised the assets that were being sold may be under the control of a government trustee.  My client is concerned about representations being made to third parties, including Virginia, that the assets are under the control of a trustee.

**From:** Charles Brown
**Sent:** Monday, July 18, 2022 4:49 PM
**To:** Yan, Huaou <huaou.yan@blankrome.com>
**Cc:** Silberfarb, Michael D. <michael.silberfarb@blankrome.com>; Hall, Bryan J. <bjhall@archerlaw.com>
**Subject:** RE: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

Also, a reminder to please provide me with the contact information for the Assistant US attorney that you spoke with regarding the sale of the oyster farm equipment.

**From:** Charles Brown
**Sent:** Monday, July 18, 2022 4:47 PM
**To:** Yan, Huaou <huaou.yan@blankrome.com>
**Cc:** Silberfarb, Michael D. <michael.silberfarb@blankrome.com>; Hall, Bryan J. <bjhall@archerlaw.com>
**Subject:** RE: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

Gentlemen:

I have reached out to my client to get an explanation as to the "made as of December, 2019" amendment. As I stated, I had assumed that this was probably a back dated document to make the sale transaction as smooth as possible and to ratify any actions that Michael Hild had taken as a "manager" before there was a written document naming him as a "Manager" and to reflect the realities that Michael Hild has been managing the Hild entities since left Live Well in December of 2019 – a point that has been consistently made since my involvement. While that was my assumption, I am in the process of confirming this.

I will ask about other documents but I note that the question that asks me to confirm that there was nothing else withheld presumes that there was something that was withheld in the first instance and I want to make it clear that I am not acknowledging that anything was withhold. I will investigate this and get back to you.

Regarding your final point, there is no dispute that there is a retraining order in place that severely limits the Mr. and Mrs. Hild's ability to dispose of certain assets. It was, and still is, my understanding that the US government, when it determined what assets would be restrained did a thorough analysis and sought to have the restraining order as broad as possible. As I stated, I have been advised by Mr. Hild that the oyster farming assets that he was attempting to sell were not subject to the restraining order.

In the meantime, I note that your email makes no reference to the concerns that I raised which is that the license to operate the oyster has expired and the Commonwealth of Virginia has refused to renew the license. (We did not get into detail about this but there was an effort by Mr. Hild to renew including the submission of the licensing fee which Virginia accepted before deciding that it was going to cut ties with the Hilds.) The Commonwealth of Virginia has ordered that the oyster farm equipment be removed from the Bay and has threatened my clients with civil and criminal penalties for failing to do so. It is my understanding that the Commonwealth of Virginia had approved the sale to the third party (suggesting that the decision to not renew is attributable to the negative publicity to which the Hilds have been subjected) and that this third party has now backed away from the transaction. It is my understanding that an attorney for the third party purchaser did contact you and that all that you did was refer this party to the assistant US attorney who had put the original restraining order in place. The restraining order obviously says what is says and it restrains what it restrains. Again, my client informs me that the assets the Virginia is requiring him to sell were not restrained. While it is fine to be concerned about a possible dissipation of assets, one is not dissipating assets when the State bars them from operating their business and they are faced a choice between selling assets or keeping them and being subject to criminal and civil fines. If, as I am told, the oyster farm equipment was not restrained, there is nothing at all that prohibits Mr. Hild from making the only rational business decision available to him and selling the equipment. I will note, however, that it would be highly improper to interfere with Mr. Hild's legitimate efforts to contract with third parties. Again, I understand that there was not any improper interference and the only thing that was done was to refer the purchaser's attorney to the US attorney to determine if the assets were restrained.


Charles J. Brown, III
Gellert Scali Busenkell & Brown LLC
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
302-425-5813
302-377-9714 (cell)
cbrown@gsbblaw.com
http://www.gsbblaw.com/

IRS Circular 230 Disclosure:
Pursuant to Treasury Regulations, any tax advice contained in this communication is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another person tax advice addressed herein.

Disclaimer:  The information contained in this communication is confidential and only for the use of the intended addressee(s).  If you have received this communication in error, any disclosure or use of such information is strictly prohibited.  Please notify the sender immediately and destroy all copies.  Thank you.

---

**From:** Yan, Huaou <huaou.yan@blankrome.com>
**Sent:** Monday, July 18, 2022 1:27 PM
**To:** Charles Brown <cbrown@gsbblaw.com>
**Cc:** Silberfarb, Michael D. <michael.silberfarb@blankrome.com>; Hall, Bryan J. <bjhall@archerlaw.com>
**Subject:** RE: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

Thanks for speaking with us this morning, Mr. Brown. As we discussed:

- The amendments to the operating agreements for Anderson's Neck, LLC and Church Hill Ventures, LLC that we recently received from a third party purport to be "made as of December, 2019" by Laura Hild. The Rule 2004 subpoenas were issued over seven months later on July 13, 2020, but these amendments were not produced in response to those subpoenas. Thus, (1) either these amendments were withheld then, or (2) they did not exist then but were made later and backdated (over seven months) as you suggested might be the case. We would appreciate it if you could please confirm why these amendments were not produced in 2020.
- As you know, your clients also produced numerous other documents, including bank account statements, in response to the 2020 Rule 2004 subpoenas. Please kindly also confirm that there was nothing else withheld from your clients' production pursuant to the Rule 2004 subpoenas.
- Finally, your clients represented in their motion to stay that "ALL of the Hild Defendants' assets that related to any transfers that Mr. Hild received from Live Well have been frozen by the government so there can be no concern that assets will be dissipated if a stay is entered in this case." However, you suggested that your clients believed that the "oysterplex" they attempted to sell was *not* restrained. Please advise whether your clients believe that any other assets of the Hild Entities are not, in fact, "frozen by the government" and whether they intend on transferring or selling them.

We would greatly appreciate your prompt attention to the above issues and a response by this Wednesday, July 20, 2022.

Thank you,

Huaou

**Huaou Yan** | BLANKROME
*Pronouns: (he/him/his)*
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5449 | C: 267.872.9642 | F: 215.689.3884 | hyan@blankrome.com

---

**From:** Charles Brown <cbrown@gsbblaw.com>
**Sent:** Friday, July 15, 2022 1:20 PM
**To:** Hall, Bryan J. <bjhall@archerlaw.com>
**Cc:** Silberfarb, Michael D. <michael.silberfarb@blankrome.com>; Yan, Huaou <huaou.yan@blankrome.com>
**Subject:** RE: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

> You don't often get email from cbrown@gsbblaw.com. Learn why this is important

Let's make it 11:00 on Monday.

Charles J. Brown, III
Gellert Scali Busenkell & Brown LLC
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
302-425-5813
302-377-9714 (cell)
cbrown@gsbblaw.com
http://www.gsbblaw.com/

IRS Circular 230 Disclosure:
Pursuant to Treasury Regulations, any tax advice contained in this communication is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another person tax advice addressed herein.

Disclaimer:  The information contained in this communication is confidential and only for the use of the intended addressee(s).  If you have received this communication in error, any disclosure or use of such information is strictly prohibited.  Please notify the sender immediately and destroy all copies.  Thank you.

---

**From:** Hall, Bryan J. <bjhall@archerlaw.com>
**Sent:** Thursday, July 14, 2022 1:26 PM
**To:** Charles Brown <cbrown@gsbblaw.com>
**Cc:** MSilberfarb@BlankRome.com; HYan@BlankRome.com
**Subject:** RE: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

Charlie,

Are you available on Monday for a call?  We are available at 11:00 a.m. on Monday or thereafter.

Thanks,
Bryan



**Bryan J. Hall, Esq.**

Archer & Greiner P.C.
300 Delaware Avenue
Suite 1100
Wilmington, DE 19801
302-356-6625
bjhall@archerlaw.com
www.archerlaw.com

---

**From:** Charles Brown <cbrown@gsbblaw.com>
**Sent:** Thursday, July 14, 2022 11:44 AM

6

**To:** Hall, Bryan J. <bjhall@archerlaw.com>
**Subject:** RE: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

Bryan:

Well I do feel a bit blind sided by what I heard this morning, but setting that aside, I did not even attempt to start taking any notes until we well into things so I do need to understand exactly what you are alleging. I have had minimal contact with Mr. Hild over the past several months other than looking at the criminal docket and advising him as to the status of the stay of the civil proceeding. I have had no discussions with Mr. Hild or anyone else regarding the operations or sale of any of the businesses and no nothing whatsoever of any potential sale of any assets.

I will say that I do have an understanding that the Richmond businesses – at least those involved in the redevelopment of the Richmond neighborhood where they operated had obtained historical tax credits and the Hilds were looking at potential financial ruin if those businesses were liquidated because of how the tax credits would be have to be repaid. Of course the financial hit related to the tax credits was going to be the least of their problems what with the criminal proceeding pending.

I know that back when Jason Kuhlman was handing the 2004 issue on behalf of Mr. Hild, he had represented that, since his termination from Live Well, it was Mr. Hild that was managing the Hild entities. I don't know that I ever got a copy of what was produced to the trustee at that time. If I did get a copy, I know that I did not review any document production. Having said that, a representation that Mr. Hild is now managing any of the Hild entities would be pretty old news and I don't know that the current management of any of those entities is relevant to anything that the Trustee would have been investigating in connection with the 2004 exam. (I will add that my vague recollection is that, prior to my involvement, there was a sale of some Hild assets that had been frozen and that this sale was done with the permission of the US government so I don't know that there is anything improper in attempting to sell any assets tied to the oyster farm or even you are claiming that there was something improper associated with this as opposed to claiming that my assertion in the motion to stay that the asset freeze eliminates any concern of asset dissipation was not incorrect.)

I understand that you were contacted by an attorney representing someone that looking into purchase an oyster farm operation or at least some assets from the oyster farm operation that one or more of the Hilds own and Mr. Hild is currently managing. Please advise as to the name of the entity that operates the oyster farm and let me know if you are claiming that this entity among the assets that were frozen.

Regarding the issues raised with respect to the 2004 exam. Are you claiming that there was an obligation to update the document production with a new operating agreement or are you claiming that there was an operating agreement that should have been produced but was not produced?


Charles J. Brown, III
Gellert Scali Busenkell & Brown LLC
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
302-425-5813
302-377-9714 (cell)
cbrown@gsbblaw.com
http://www.gsbblaw.com/

IRS Circular 230 Disclosure:
Pursuant to Treasury Regulations, any tax advice contained in this communication is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another person tax advice addressed herein.

Disclaimer:  The information contained in this communication is confidential and only for the use of the intended addressee(s).  If you have received this communication in error, any disclosure or use of such information is strictly prohibited.  Please notify the sender immediately and destroy all copies.  Thank you.

---

**From:** Hall, Bryan J. <bjhall@archerlaw.com>
**Sent:** Monday, July 11, 2022 4:17 PM
**To:** Charles Brown <cbrown@gsbblaw.com>
**Subject:** FW: [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)

Charlie,

Attached is the agenda for the status conference on Thursday at 10:15 a.m. with the Zoom link.

Best regards,
Bryan



**Bryan J. Hall, Esq.**

Archer & Greiner P.C.
300 Delaware Avenue
Suite 1100
Wilmington, DE 19801
302-356-6625
bjhall@archerlaw.com
www.archerlaw.com

**From:** DEBdb_ECF_Reply@deb.uscourts.gov <DEBdb_ECF_Reply@deb.uscourts.gov>
**Sent:** Monday, July 11, 2022 4:13 PM
**To:** dummail@deb.uscourts.gov
**Subject:** [EXT MAIL] Ch- 21-50966-LSS Carickhoff Notice of Matters Scheduled for Hearing (A)


**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Bryan J Hall entered on 7/11/2022 at 4:12 PM EDT and filed on 7/11/2022
**Case Name:**        Carickhoff v. Hild et al
**Case Number:**      21-50966-LSS
**Document Number:** 65

**Docket Text:**
Notice of Agenda of Matters Scheduled for Hearing Filed by David W. Carickhoff. Hearing scheduled for 7/14/2022 at 10:15 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #2, Wilmington, Delaware. (Hall, Bryan)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Live Well - NOA re 7.14.22 Hearing.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=7/11/2022] [FileNumber=17630044-0
] [4c2f853932665794acf55a86bd5fe772ee59434b5c1cd52fbd5e333e0692e6388f4
73c3baccca019022062ac8235a68e54089b28c0e7c52a744adf4eac943135]]

**21-50966-LSS Notice will be electronically mailed to:**

Charles J. Brown, III on behalf of Defendant Anderson's Neck LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Aragon Coffee Co. LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Church Hill Ventures LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Climax Beverage Co. LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Dogtown Brewing LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Gardenia LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Hot Diggity Donuts LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Kingfisher LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Manastoh Brewing LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Peter Stumpf Brewing Company LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Pin Money Pickles LLC

cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Rosenegk Brewing Co. LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant The Butterbean LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Urban Bleat Cheese Co. LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Valentine's Meat-Juice Company LLC
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Laura D. Hild
cbrown@gsbblaw.com

Charles J. Brown, III on behalf of Defendant Michael C. Hild
cbrown@gsbblaw.com

David W. Carickhoff
dcarickhoff@archerlaw.com, DE20@ecfcbis.com

Bryan J Hall on behalf of Plaintiff David W. Carickhoff
bjhall@archerlaw.com

**21-50966-LSS Notice will not be electronically mailed to:**

John Does 1 - 100
,

C. Darren Stumberger
,

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

******************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

********************************************************************************************

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.