# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>**Re: D.I. 431, 432** |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee of Live Well Financial, Inc., ,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER,<br><br>and<br><br>JOHN DOES 1-100,<br>　　　　　　　　　　Defendants. | Adv. No. 21-50966 (LSS)<br><br>**Re: Adv. D.I. 66, 67** |

**CHAPTER 7 TRUSTEE'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR
ENTRY OF AN ORDER DIRECTING LAURA D. HILD
TO APPEAR FOR A DEPOSITION**

Plaintiff, David W. Carickhoff, the Chapter 7 Trustee ("Trustee") of the estate of Live Well Financial, Inc., by and through his undersigned counsel, files this Reply in further support of his *Motion for Entry of an Order Directing Laura D. Hild to Appear for a Deposition* (the "Motion")

and in response to the objection filed by the Hild Defendants (the "Objection") and respectfully states as follows:[1]

1.  Through the Motion, the Trustee seeks to take a limited deposition of Laura D. Hild on a narrow set of issues: (i) the management, control, and ownership of the Hild Entities; (ii) the assets of the Hild Entities and any sale, transfer or disposition of such assets; (iii) Laura D. Hild's and the Hild Entities' prior representations to the Court, the Trustee and/or his counsel regarding items (i) and (ii); and (iv) any other matters that may be testified to by Laura D. Hild during the deposition. Motion at ¶ 28.

2.  Prior to and in the course of the instant adversary proceeding, the Hilds—including Laura Hild—have made two important representations about the management of the Hild Entities and the assets of the Hild Entities, which assets are subject to recovery in this adversary proceeding.

3.  First, the Hilds represented that Laura Hild—and not Michael Hild—held sole management authority over the Hild Entities and their assets. More particularly, in response to the 2004 Subpoenas and this Court's Order [D.I. 235], the Hild Defendants represented that Laura Hild "has management authority" over the Hild Entities, and they produced to the Trustee certain limited liability company operating agreements that showed Laura Hild, not Michael Hild, was the *sole* Manager of each of the Hild Entities. Motion at ¶¶ 11-16.

4.  But, as detailed in the Motion, the Trustee recently discovered that the Hilds had amended the operating agreements for at least two of the Hild Entities, Anderson's Neck and Church Hill Ventures, to make Mr. Hild the controlling Manager so they could sell off assets of Anderson's Neck. Motion at ¶¶ 19-20. The Hilds have also now admitted to backdating these

---

[1] Unless otherwise set forth herein, capitalized terms shall have the same meanings as they are afforded in the Motion.

operating agreements, in order to suggest that Mr. Hild had been the legal Manager of these entities since late 2019. Motion at ¶ 23 & Ex. F; Objection at ¶¶ 16-17.

5. Second, in their Stay Motion, the Hild Defendants represented that:

> ALL of the Hild Defendants' assets that related to any transfer that Mr. Hild received from Live Well have been frozen by the government so there can be no concern that assets will be dissipated if a stay is entered in this case.

Stay Motion at ¶ 10 (emphasis in original).

6. The Hild Defendants have now walked away from that representation as well and now take the position that only "certain" assets are frozen by the Government. Motion at ¶ 24; *see* Objection at ¶ 13.

7. These material inconsistencies in the Hild Defendants' representations about the management and assets of the Hild Entities are reason enough to grant the limited relief requested in the Motion.

8. And in their Objection, the Hild Defendants do not deny any of the basic facts and inconsistencies underlying the Motion, nor do they articulate any real prejudice that Laura Hild would suffer.[2]

9. Tellingly, in their Objection, the Hild Defendants:

- do not deny that their prior representations about the management of the Hild Entities and their ability to dispose of the assets of the Hild Entities were, at best, completely inconsistent and, at worst, false;

- do not deny that—contrary to their responses to the Trustee's Rule 2004 discovery and the relevant LLC operating agreements—it was Michael

---

[2] In their Objection, the Hild Defendants make numerous baseless allegations and assertions that are beneath response. To be clear, as set forth on the record at the July 14 status conference, in response to an unsolicited call from counsel to a potential purchaser of the Anderson's Neck Oysterplex, the Trustee's counsel confirmed the pendency of this adversary proceeding and the criminal case against Michael Hild and promptly alerted the United States Attorney's Office and this Court of that inquiry. Any disruption that may have been caused to the sale process is solely the responsibility of Michael Hild. Moreover, any such complaints by the Hilds (which are meritless) are now moot, as the Hilds acknowledge they received another license from Virginia. Objection at fn. 2.

       Hild, and not Laura Hild, who held exclusive management authority over those entities, Motion at ¶¶ 12, 14-16, 23, 34-35(a);

- do not deny that—contrary to their prior representation in their Stay Motion that "ALL of the Hild Defendants' assets that related to any transfers that Mr. Hild received from Live Well have been frozen by the government so there can be no concern that assets will be dissipated if a stay is entered in this case," the Hild Defendants now take the view that the Restraining Order only applies to "certain assets," Motion at ¶ 24; *see* Objection at ¶ 13;

- do not deny that—despite their claim that the sale of the Oysterplex was completely above board and legitimate, they nonetheless backdated amendments to at least two LLC operating agreements in an apparent attempt to induce a third party to purchase the Oysterplex, Motion at ¶ 20; *see* Objection at ¶¶ 16-17.

10. Additionally, the Hild Defendants also do not claim that the prospective deponent, Laura Hild, has any Fifth Amendment concerns or that sitting for a deposition on the limited topics outlined in the Motion would impose any particular burden on her. *See* Motion at ¶ 43.

11. To be clear, at this juncture, the Trustee is not asking the Court for any determination of any wrongdoing or liability on the part of any party.

12. The ***sole*** question before the Court is whether it is "reasonable" that Laura Hild—who has provided no reason why she would be prejudiced in doing so—should sit for a limited deposition to provide answers to the questions raised by the Hilds' recent conduct and prior representations. *See, e.g.*, *Cloud-Williams v. Ocwen Loan Servicing, LLC*, 2015 WL 184024, at *2 (D. Del. Jan. 13, 2015); *Kone Corp. v. Thyssenkrupp USA, Inc.*, 2011 WL 4478477, at *4-5 (D. Del. Sept. 26, 2011); *Vision Films, Inc. v. Doe*, 2013 WL 1163988, at *2-3 (D. Del. Mar. 20, 2013).

13. The Trustee respectfully submits that the limited relief requested in the Motion is reasonable and appropriate under the circumstances, the Hild Defendants have offered nothing to suggest otherwise, and this Court should grant the relief requested in the Motion.[3]

## CONCLUSION

For these reasons and those articulated in the Motion, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached as Exhibit A to the Motion, (a) scheduling a date for the deposition of Laura D. Hild; (b) directing Laura D. Hild to appear and be sworn for the deposition regarding the following matters: (i) the management, control, and ownership of the Hild Entities; (ii) the assets of the Hild Entities and any sale, transfer or disposition of such assets; (iii) Laura D. Hild's and the Hild Entities' prior representations to the Court, the Trustee and/or his counsel regarding items (i) and (ii); and (iv) any other matters that may be testified to by Laura D. Hild during the deposition, and (c) granting the Trustee such other relief as may be just and appropriate.

Dated: November 7, 2022

/s/ Stanley B. Tarr
Stanley B. Tarr (No. 5535)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Facsimile: (302) 425-6464
Email: Stanley.Tarr@blankrome.com

-and-

Michael B. Schaedle (admitted *pro hac vice*)
Michael D. Silberfarb (admitted *pro hac vice*)
Huaou Yan (admitted *pro hac vice*)
Matthew E. Kaslow (admitted *pro hac vice*)
BLANK ROME LLP

---

[3] Given that the Trustee only seeks a limited deposition of Laura Hild on a narrow set of issues raised by the Hilds' recent conduct, the Trustee reserves the right to take a further deposition of Laura Hild in the ordinary course of this litigation.

One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Fax: 215-569-5555
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com
Huaou.Yan@BlankRome.com
Matt.Kaslow@BlankRome.com

-and-

Alan M. Root (No. 5427)
Bryan J. Hall (No. 6285)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, Delaware 19801
Tel.: 302-777-4350
Fax: 302-777-4352
aroot@archerlaw.com
bjhall@archerlaw.com

*Counsel for David W. Carickhoff,
the Chapter 7 Trustee*