# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>            Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee of Live Well Financial, Inc.,<br><br>            Plaintiff,<br><br>   - against -<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER,<br><br>and<br><br>JOHN DOES 1-100;<br>                                                         . | Adv. Pro. No. 21-50966 (LSS) |

## MOTION TO WITHDRAW AS COUNSEL TO HILD DEFENDANTS

COMES NOW, Charles J. Brown, III and Gellert Seitz Busenkell & Brown, LLC (collectively "Counsel"), and request that this Court grant an Order authorizing them to withdraw as counsel for Michael C. Hild, Laura D. Hild and various Hild Entities (collectively, the "Hild

Defendants"), in both the above captioned Chapter 7 case and the above-captioned adversary proceeding. In support thereof, Counsel states as follows:

1. In or about 2020, Counsel was engaged to work with Michael C. Hild's out of state counsel, Jason Kuhlman, Esquire in the Debtor's Chapter 7 case. Such representation was later expanded to include the above-captioned adversary. Mr. Kuhlman is no longer representing Mr. Hild or any of the Hild Defendants and has not been involved representing them for several years.

2. Recently, circumstances and resulting irreconcilable differences have arisen that necessitate that Counsel withdraw as counsel pursuant to Delaware Lawyers Rules of Professional Conduct 1.16(b)(4), 1.16(b)(5), 1.16(b)(6) and 1.16(b)(7).

3. Specifically, good cause exists to withdraw as counsel for the Hild Defendants as there exists a significant difference of opinion between the Defendants and Counsel that makes continuing the representation unnecessarily difficult and the Hild Defendants have insisted upon taking action that Counsel has a fundamental disagreement with.

4. Counsel does not include details surrounding the reasons for the need to withdraw as counsel so as to not prejudice the Defendants or otherwise disclose any attorney/client communications.

5. Further, pursuant to Delaware Professional Conduct Rule 1.16(b)(5), withdrawing is appropriate when the "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services" Rule 1.16(b)(5). Here, the Hild Defendants have failed to meet their financial obligations to Counsel. Additionally, and alternatively, withdrawing is appropriate if "the representation will result in an unreasonable financial burden on the lawyer. . ." and where "good cause" exists. Rule 1.16(b)(6) and (7).

6. The issues set forth above have created conditions whereby Counsel is not able to continue to represent the Hild Defendants in these cases consistent with its obligations to both the Court and the Hild Defendants as required under the Delaware Lawyer's Rules of Professional Conduct. As there has been a fundamental breakdown of the attorney-client relationship pursuant to Rule of Professional Conduct 1.16(b)(4), Counsel believes that withdrawal from representation is appropriate.

7. Counsel has notified the Defendants in advance of this Motion that it intends to withdraw as counsel.

8. The above-captioned adversary proceeding is not currently scheduled for trial and the case in the phase of expert discovery. The Hild Defendants on their own volition attempted to file a pro se emergency motion to extend that expert discovery deadline. Counsel does not presume how the Court will address that motion but Counsel notes that the Hild Defendants had previously subpoenaed documents from Wedbush Securities ("Wedbush") and Wedbush had agreed to produce documents that were produced in discovery in the Trustee's action against it. Wedbush has just begin to produce documents produced pursuant to that previously issued subpoena. Fact discovery remains open in the Wedbush adversary action. Counsel was attempting to work with the Trustee to allow for the expert that was assisting the Hild Defendants to adequate time to review the Wedbush production. Because no trial date has been set, Defendants have adequate time to employ other counsel and the Trustee will not be prejudiced by Counsel's withdrawal.

9. Upon termination of the representation, Counsel will take steps to the extent reasonably practicable to protect Defendants' interests in accordance with Rule 1.16(d).

WHEREFORE, Counsel requests the Court to enter an Order allowing them to withdraw as counsel in the above-referenced matter.

DATED: April 21, 2025	GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Charles J. Brown, III*
Charles J. Brown III (DE 3368)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel.:  302-425-5813
Fax:  302-425-5814
cbrown@gsbblaw.com

*Counsel for Michael C. Hild, Laura D. Hild, Church Hill Ventures LLC, Anderson's Neck LLC, The Butterbean LLC, Climax Beverage Co. LLC, Dogtown Brewing LLC, Gardenia LLC, Hot Diggity Donuts LLC, Kingfisher LLC, Manastoh Brewing LLC, Urban Bleat Cheese Co. LLC, Aragon Coffee Co. LLC, Peter Stumpf Brewing Company LLC, Pin Money Pickles LLC, Rosenegk Brewing Co. LLC, and Valentine's Meat-Juice Company LLC*