# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 19:11317 (LSS) |
| DAVID W. CARICKHOFF, solely in his capacity as Chapter 7 Trustee of Live Well Financial, Inc.,<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL C. HILD, ET AL.<br><br>Defendants. | Adv. Proc. No. 21-50966 (LSS) |

**THIRD-PARTY DANIEL FOSTER'S MOTION TO REDACT CERTAIN PORTIONS OF HIS OPPOSITION TO MICHAEL HILD'S MOTION FOR RELIEF FROM AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER AND REQUEST FOR D.I. 190 TO BE REMOVED AND FILED UNDER SEAL**

Third-party Daniel Foster submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 107(b) & (c) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Mr. Foster to redact relevant portions of *Third Party Daniel Foster's Opposition to Michael Hild's Motion for Relief from Agreed*

*Confidentiality Stipulation and Protective Order and Request for D.I. 190 to be Removed and Filed Under Seal* (the "Brief"). In support of the Motion, Mr. Foster respectfully states as follows:

### RELIEF REQUESTED

1. By this Motion, Mr. Foster requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing Mr. Foster to file a redacted version of the Brief and (b) any related relief.

2. Such redactions are necessary because they describe a document[1] produced by Mr. Foster and properly marked "confidential," pursuant to the Agreed Confidentiality and Protective Order granted by the Court on August 2, 2024 (the "Protective Order," D.I. 164). The public disclosure of the Confidential Document would be very harmful and injurious to Mr. Foster, as it reflects prior communications that, taken out of context, could be used to infer alleged wrongdoing on the part of Mr. Foster.

### BACKGROUND

3. Mr. Foster was served with a subpoena dated May 8, 2024 for the production of documents, a copy of which has been attached to *Michael Hild's Motion for Relief from Agreed Confidentiality Stipulation and Protective Order* [D.I. 189] ("Hild Motion") as Exhibit B.

4. Mr. Foster promptly retained counsel to assist with his response to the subpoena, and within just five weeks of the date of the subpoena, by June 13, 2024, Mr. Foster's counsel had met and conferred with Mr. Hild's counsel, collected and reviewed Mr. Foster's documents for relevance, and e-mailed Mr. Hild's counsel indicating that a production of documents was ready, and Mr. Foster would produce such documents as soon as a protective order was put in place,

---

[1] The document in question is referred to herein as the "Confidential Document."

governing the confidentiality of Mr. Foster's production. In that same June 13 email correspondence, Mr. Foster's counsel attached a draft protective order.

5.	After negotiating the terms of the protective order, Mr. Foster's counsel and Mr. Hild's counsel each signed the Protective Order and submitted it to the Court on or around July 19, 2024.

6.	On August 2, 2024, the Court granted Mr. Hild and Mr. Foster's request "to issue the Protective Order pursuant to Federal Rule of Bankruptcy Procedure 9018, to protect the confidentiality of nonpublic and sensitive information they may disclose . . . where[] the Parties, through their respective undersigned counsel, agree[d] to be bound" by the terms of the Protective Order. *See* Hild Motion, Exhibit B, at 2.

## BASIS FOR RELIEF REQUESTED

7.	Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1)	protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2)	protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

8.	Bankruptcy Code section 107(c) provides "[t]he bankruptcy court, for cause, may protect an individual with respect to" information contained in Bankruptcy case filings "to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c).

9. The Protective Order states that motions or other pleadings filed in this matter which reference "Confidential Information" – such as the Brief – may only be filed with an accompanying "motion to file such Confidential Information under seal pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure and Local Rule 9018-1 or the other applicable rules regarding the filing of Confidential Information under seal . . . ." Protective Order, at ¶ 7.

10. The explicit purpose of the Protective Order is "to protect the confidentiality of nonpublic and sensitive information [that Mr. Foster] may disclose" in this matter. Protective Order, at ¶ 2.

11. The Protective Order defines "Confidential Information" as follows:

> The term "Confidential Information" means any documents, things, transcripts, materials or information, or other information derived therefrom, that is not generally known and/or not publicly available and that (i) Mr. Foster (the 'Designating Party') produces in response to a subpoena or other request from one or more of the Parties and (ii) the Designating Party *reasonably believes in good faith contains or reflects confidential, personal or private, proprietary, or sensitive business information* . . . . .

> Protective Order, at ¶ 10 (emphasis added).

12. Furthermore, the Protective Order explains that "[m]aterial or information derived from . . . a review of Confidential Information is also Confidential Information. All . . . exhibits containing Confidential Information automatically shall be designated as Confidential Information to the same extent as the documents or information giving rise to the designation." Protective Order, at ¶ 11.

13. Because sections of the Brief describe the Confidential Document, which was properly marked as "Confidential" pursuant to the Protective Order, and because the Confidential Document described in the Brief reflects prior communications that, taken out of context, could

be used to infer alleged wrongdoing on the part of Mr. Foster, which would be harmful and injurious, Mr. Foster respectfully requests that the Court permits him to file a redacted version of the Brief.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

14. Counsel for Mr. Foster hereby certifies that to the best of their knowledge, information, and belief, the portions of the Brief Mr. Foster seeks to redact do not contain information subject to the confidentiality rights of another individual or entity.

### CONCLUSION

For the foregoing reasons, Mr. Foster respectfully requests that the Court enter the Proposed Order in the form annexed hereto as **Exhibit A**, granting the relief requested and such other and further relief as may be just and proper.

Dated: May 15, 2025
      Wilmington, DE

By: */s/ Alexis R. Gambale*
Alexis R. Gambale (Del. I.D. # 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 295-0145
Email: agambale@pashmanstein.com

-and-

Sam M. Koch (*pro hac vice* forthcoming)
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
skoch@foley.com

*Attorneys for Daniel Foster*