Mr. Michael Hild
Mrs. Laura Hild
2302 E Marshall Street
Richmond, VA 23223

October 28th, 2025                                        2025 OCT 30  P 12: 15

Honorable Judge Laurie Selber Silverstein
824 North Market Street
6th Floor
Wilmington, DE 19801

Re: Letter to Court Adv. Proc. No. 21-50966-LSS, Main Case No. 19-11317-LSS

Dear Honorable Judge Silverstein,

Mr. and Mrs. Hild[1] write to provide an update to this Court on several matters.

1. **Mr. Stumberger**: Mr. Hild (and this Court's Chambers) are in receipt of an email incorporated as **Attachment A**, from Mr. Stumberger advising he will be attending the status hearing on Thursday October 30th, at 10AM, and contesting the default in this case:

> *"My name is Charles Darren Stumberger and I have registered for the Live Well Financial status conference Thursday at 10am.*
>
> *I will be attending, and formerly telling the Court I am contesting the Default against me from several years ago, and in which I just recently found out about.*
>
> *I will also be submitting documents to the Court via the pro se procedure."*

It bears mentioning that Mr. and Mrs. Hild have only discovered recently of their own initiative that Mr. Stumberger was in default in this case. No communication from the Court, or counsel, was received by the Hilds advising of Mr. Stumberger' default status.

Upon discovering this information, the Hilds asked Mr. Brown if he was aware of Mr. Stumberger's default status, and he also appeared to have had no knowledge or awareness. Mr. Brown apparently followed up to ask Mr. Stumberger if he was aware of the default, and Mr. Stumberger advised that he was not aware.

Mr. Hild and this Court are now advised of Mr. Stumberger's communication to Chambers.

---

[1] Mr. and Mrs. Hild have prepared and filed this document pro se but it is written in third person for the sake of clarity when reading. Mr. and Mrs. Hild are not attorneys. Mr. and Mrs. Hild do not waive the right to maintain the confidential treatment of their attorney-client privileged communications.

2. **Federal Case:** In a nearly unprecedented situation, the 2nd Circuit Appellate Court has "corrected" its previously issued errant opinion, (which Mr. Carickhoff has made this Court aware of by way of ECF 585) and denied rehearing on the old errant opinion (presumably because it is errant and superseded by the new corrected opinion).

However, the newly issued opinion, once again makes fundamental errors, which Mr. Hild's criminal counsel (Mr. Brian Jacobs) is addressing with a new petition for rehearing and en banc review.

Furthermore, given the Appellate Court has also directed that the ineffective assistance of counsel pertaining to Mr. Dusing needs to be re-addressed with a new "do-over" habeas petition (with the problems which this court has already been briefed, including the Dan Foster/Bloomberg price fixing issue and numerous others that we will not repeat for sake of brevity) which Mr. Dusing failed to investigate and bring to the court and jury's attention, issues that cut to the core of the criminal case, this civil case, and the Flagstar case.

3. **Discovery Inventory Spreadsheet:** Mr. Brown[2] filed a Motion to Withdraw in the duplicative Flagstar case in the Eastern District of Michigan, and two days before the hearing for the Motion to Withdraw on September 24th, 2025, Mr. Brown finally completed the inventory tracking spreadsheet for this Delaware Bankruptcy case which this Court directed the Hilds/Mr. Brown to do so the Hilds could advise this court at the June status hearing as to how much time for discovery would be needed, given the Hilds were in the dark with what Mr. Brown had actually done. Receipt of the discovery inventory spreadsheet confirmed the Hilds worst fears. Next to nothing has been done by way of discovery in this case, or in the Flagstar case, and the spreadsheet also appears to be incomplete.

As such, the Hilds estimate they are in need of at least 180 days to conduct discovery given Mr. Brown's failure to conduct discovery, and the expectation that the witnesses and document holders will all but certainly evade, and/or refuse to provide the necessary information without the Court compelling them to do so. As such, protracted motion practice related to motions to compel will be required in order to make progress. The

---

[2] It bears mentioning that Mr. Brown became involved with Mr. Hild in the Delaware civil bankruptcy case only because of Mr. Dusing's (and his associate, Jason Kuhlman) improper solicitation of Mr. Hild when Mr. Hild already had counsel. Defendant Hild had no preexisting relationship with Mr. Brown. In fact, Defendant Hild never spoke with Mr. Brown until Mr. Dusing was suspended from practicing law and Mr. Kuhlman had to step aside as a result (given his affiliation with Mr. Dusing). Mr. Brown then voluntarily inserted himself into the civil Flagstar Bank case, making an appearance. It was Mr. Brown who drafted the Motion to Transfer Venue in the Flagstar case for Mr. Hild and then entered an appearance shortly thereafter. This was due to Mr. Brown's belief that the Flagstar case should have been consolidated with the redundant and duplicative Delaware Bankruptcy case, and that Flagstar Bank was improperly dually litigating the same claims as creditor of the Bankruptcy estate, with Flagstar Bank acting as the movant who forced Live Well involuntarily into bankruptcy in Delaware in the first place. It seems Mr. Brown was surprised that the transfer and consolidation wasn't granted, and then Mr. Brown completely dropped the ball on this Flagstar case and the Delaware Bankruptcy case, doing almost nothing thereafter, given the overwhelm of two duplicative cases and his conflicting eldercare responsibilities which manifested simultaneously.

2

Hilds would be happy to provide a list to this Court of the discovery items needed should the Court desire it, now that the Hilds are actually in receipt of the discovery inventory spreadsheet from Mr. Brown (though incomplete).

4. **Motion to Quash Lis pendens, Motion Requesting Order of Clarification, and Mr. Brown's Withdrawal:** The Hilds remain highly concerned and confused as to why the June 2025 status hearing in this case never took place as the Court directed its staff to schedule at the May 12th, 2025 status hearing. The Hilds also remain concerned that the long outstanding Motion to Quash the improper lis pendens has not been addressed by way of an order as the Court indicated would be done "soon" at the May 12th, 2025 hearing. Additionally, the Motion Requesting Order of Clarification pertaining to the VACU sentiment agreement and Mr. Brown's Withdrawal have been left to linger, causing ever increasing problems for the Hilds.

As a reminder, the Hilds reiterate their prior requests to this Court, which were most recently addressed in their August 28th, 2025 letter to this Court (incorporated as **Attachment B**) in response to Mr. Brown's letter filed on August 27th, 2025. Those requests again, are the following:

"The Court should (a) rule on the long outstanding Motion to Quash the *lis pendens*; (b) rule on the Motion Requesting Order of Clarification as it pertains to the terms of the settlement agreement between Virginia Credit Union and Mr. Carickhoff, and (c) approve Mr. Brown's withdrawal with the associated proposed order and associated terms the Hilds' requested in Exhibit A[3] (and previously in Exhibit A's sub-exhibit B[4]) but again restated here:
*As such, Mr. and Mrs. Hild respectfully request the Court to immediately order the following:*
    *1. Approval of Mr. Brown's Motion to Withdraw;*
    *2. Order Mr. Brown to complete an inventory of the discovery he has completed and transmit it to Mr. and Mrs. Hild in the form of the discovery inventory spreadsheet which was attached as Exhibit B to D.I. 207 (with corresponding links to download documents) under penalty of sanctions for failing to comply within thirty (30 days);*
    *3. Order Mr. Brown to cooperate with Mr. and Mrs. Hild on the transition to pro se representation under penalty of sanctions; and*
    *4. Rescind the portion of this Court's Order D.I. 215 which states that "all discovery issued by the Hild's acting pro se is stayed until further order of the Court."*

Once these three items are completed, the Hilds' will gladly engage with the mediator while continuing discovery since there is no guarantee mediation will be successful, especially in light of Mr. Tarr and Mr. Carickhoff's disingenuous behavior as was laid

---

[3] Now **Attachment B** subexhibit A

[4] Now **Attachment B** subexibit A sub-subexhibit B

out in sub-exhibit A of Exhibit A[5], as it pertains to settlement negotiations which directly preceded the Court's ordering of mediation."

Mr. and Mrs. Hild thank the Court for its timely attention to these matters.


Respectfully,

*[signature]*

Michael C. Hild

*[signature]*

Laura D. Hild

Copy electronically provided to:

Darren Stumberger
cdjs2013@gmail.com

Charles J. Brown III
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel.: 302-425-5813
cbrown@gsbblaw.com

Alan M. Root
Bryan J. Hall
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
root@chipmanbrown.com
hall@chipmanbrown.com

Stanley B. Tarr
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Stanley.Tarr@blankrome.com

Michael B. Schaedle

---

[5] Now sub-subexhibit A of subexibit A of **Attachment B**

4

Michael D. Silberfarb
Matthew E. Kaslow
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com
Matt.Kaslow@BlankRome.com

# ATTACHMENT A

Darren Stumberger
1:2019bk11317
Oct 27, 2025 at 3:30:15 PM
Cacia Batts Lora Johnson

Michael Hild

Good Afternoon Ms. Batts and Ms. Johnson,

My name is Charles Darren Stumberger and I have registered for the Live Well Financial status conference Thursday at 10am.

I will be attending, and formerly telling the Court I am contesting the Default against me from several years ago,
and in which I just recently found out about.

I will also be submitting documents to the Court via the pro se procedure.

Thank you

Darren Stumberger
561-913-2565

# ATTACHMENT B

Mr. Michael Hild
Mrs. Laura Hild
2302 E Marshall Street
Richmond, VA 23223

August 28th, 2025

Honorable Judge Laurie Selber Silverstein
824 North Market Street
6th Floor
Wilmington, DE 19801

Re: Response to Letter from Charles Brown Adv. Proc. No. 21-50966-LSS, Main Case No. 19-11317-LSS

Dear Honorable Judge Silverstein,

Mr. and Mrs. Hild[1] write to provide a response to Mr. Brown's letter filed on August 27th, 2025 **D.I. 225** (the "Letter").

### Clarification is Necessary

Despite what Mr. Brown states in his letter, the Hild's have not *"expressed an interest in representing themselves pro se"* as Mr. Brown has claimed; rather, the Hilds have no choice but to represent themselves *pro se* because of the following circumstances:

1. First, we mustn't forget, the Hilds submitted a letter dated April 18th, 2025 requesting an emergency hearing because their counsel, Mr. Brown, had an eldercare conflict and he therefore advised the Hilds, in writing, that he was unable to work diligently on the case, and the Hilds learned after the fact that Mr. Brown was missing key deadlines as a result.
2. The Hilds were, and are, extremely concerned because Mr. Brown has not been conducting discovery including but not limited to: i) issuing subpoenas and motions to compel, ii) following up on the retrieval of documents, or iii) conducting depositions from witnesses.
3. At the May 12th, 2025 hearing, the Hilds expressed that finding new counsel would be essentially impossible since the Motion to Quash the improper *lis pendens* had not been decided and Mr. Carickhoff, and those with whom he was cooperating or under his influence and/or control, were working to destroy the Hilds, including starving them of resources to defend this case, and those associated with it. This Court asked the Hilds to spend thirty days collecting an inventory of what, if any, discovery had been collected by Mr. Brown, while also

---

[1] Mr. and Mrs. Hild have prepared and filed this document pro se but it is written in third person for the sake of clarity when reading. Mr. and Mrs. Hild are not attorneys. Mr. and Mrs. Hild do not waive the right to maintain the confidential treatment of their attorney-client privileged communications.

stating that it would rule "soon" on the Motion to Quash the improper *lis pendens*. The Court further stated a status hearing would be held in approximately thirty days where the Hilds could report back on what they had found related to the discovery inventory, discuss the scheduling order, and Mr. Brown's motion to withdraw. Lastly, at the tail end of the hearing, the Court also said it was also going to try to find a judge for potential mediation.

4. At the conclusion of the hearing, the Hilds expressed a willingness to engage in mediation, but did so not as supplanting all of the aforementioned activity already discussed and mentioned above, and which they fully expected, and continue to expect, to occur (namely i) a ruling which was to occur "soon" on the long outstanding Motion to Quash the improper *lis pendens*, but ii) the next (June) status hearing on the motion to withdraw and scheduling order).

5. On May 12th, 2025, the Hilds prepared an inventory spreadsheet for Mr. Brown to fill out so they could report back to this Court as to how much additional time they would need to complete discovery since what Mr. Brown had done was unknown to the Hilds.

6. The Hilds met with Mr. Brown on May 13th, 2025 and offered to do the heavy lifting on the case were he to re-engage despite his elder care responsibilities, but Mr. Brown was non-committal, stating he "*would have to think about it.*" Subsequent to that meeting, the Hilds have repeatedly sought Mr. Brown's assistance with discovery, which Mr. Brown has ignored altogether.

7. The Hilds submitted a status update letter with this Court, dated June 5th, 2025, stating that Mr. Brown had failed to complete the discovery inventory spreadsheet and so they were left to expect that they would essentially have to begin afresh in most instances as they had nothing to go on, and they were left to assume that Mr. Brown had not completed the discovery inventory spreadsheet because he had not done nearly any of the necessary work pertaining to discovery.

8. The follow up mid-June status hearing did not occur as expected. No ruling on the Motion to Quash the improper *lis pendens* has occurred. No further discussion or ruling on the motion to withdraw has occurred. No further discussion or ruling on the scheduling order has occurred.

9. The Hilds are left with no discovery inventory but with an attorney, Mr. Brown, who considers himself withdrawn, except to "*assist the Hilds with respect to Mediation*" (unclear what that means). Mr. Brown is not noticing the Hilds of filings in the case, nor is he conducting any discovery. He is "representing" the Hilds in name only, and actually hindering their efforts as expressed more fully below.

10. The Court, while not taking action on any of these aforementioned matters the Hilds were expecting (nor conducting the June status hearing) i) issued an order hindering *pro se* discovery by the Hilds, but not via Mr. Brown (who considers himself essentially withdrawn), essentially blocking any discovery as a result, and ii) issued an order naming a mediator, but clarified in the order that the case was not stayed.

11. The Hilds have no means of furthering preparations on the case because their attorney, Mr. Brown, i) has failed to complete the inventory spreadsheet, and ii) is doing absolutely nothing pertaining to discovery. Because the Motion to Quash

the improper *lis pendens* has not been ruled upon despite what was stated at the May status hearing, the Hilds petitioned this Court to go ahead and approve Mr. Brown's withdrawal, not because they wanted him to be allowed to withdraw, but because they were being placed in an impossible situation where they had no alternative. Starved of funds with no ruling on the Motion to Quash the improper *lis pendens*, Mr. Brown refusing to turn over the discovery inventory spreadsheet, and Mr. Brown failing to conduct discovery, what alternative do the Hilds have but to represent themselves *pro se*? This wasn't and isn't a choice; it is the absurd reality which has been forced upon them by the circumstances being imposed upon them as described above.

Furthermore, the statement by Mr. Brown that "*the Hilds are unwilling to participate in mediation while the lis pendens issue remains open*" is a gross oversimplification and distortion of the situation as described above, and more fully in the Hilds' August 27th, 2025 letter to this Court, which is re-attached as **Exhibit A**. It is true, however, that the Hilds took the Court at its word when it stated at the May 12th, 2025 hearing that the Motion to Quash the *lis pendens* would be ruled upon "soon", taking that to mean that it would be decided well before any potential mediation could possibly be ordered, let alone take place. For reasons the Hilds don't understand, that has not occurred however, putting the Hilds at severe prejudice for a multitude of reasons, including but not limited to being able to afford potential replacement counsel for Mr. Brown.


## CONCLUSION

The Court should (a) rule on the long outstanding Motion to Quash the *lis pendens*; (b) rule on the Motion Requesting Order of Clarification as it pertains to the terms of the settlement agreement between Virginia Credit Union and Mr. Carickhoff, and (c) approve Mr. Brown's withdrawal with the associated proposed order and associated terms the Hilds' requested in **Exhibit A** (and previously in **Exhibit A's** sub-exhibit B) but again restated here:

*As such, Mr. and Mrs. Hild respectfully request the Court to immediately order the following:*
*1. Approval of Mr. Brown's Motion to Withdraw;*
*2. Order Mr. Brown to complete an inventory of the discovery he has completed and transmit it to Mr. and Mrs. Hild in the form of the discovery inventory spreadsheet which was attached as Exhibit B to D.I. 207 (with corresponding links to download documents) under penalty of sanctions for failing to comply within thirty (30 days);*
*3. Order Mr. Brown to cooperate with Mr. and Mrs. Hild on the transition to pro se representation under penalty of sanctions; and*
*4. Rescind the portion of this Court's Order D.I. 215 which states that "all discovery issued by the Hild's acting pro se is stayed until further order of the Court."*

Once these three items are completed, the Hilds' will gladly engage with the mediator while continuing discovery since there is no guarantee mediation will be successful, especially in light of Mr. Tarr and Mr. Carickhoff's disingenuous behavior as was laid out in sub-exhibit A of

**Exhibit A**, as it pertains to settlement negotiations which directly preceded the Court's ordering of mediation.

Mr. and Mrs. Hild thank the Court for its timely attention to these matters.

Respectfully,

*Michael C Hild*

Michael C. Hild

*[signature]*

Laura D. Hild

Copy electronically provided to:

Charles J. Brown III
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel.: 302-425-5813
cbrown@gsbblaw.com

Alan M. Root
Bryan J. Hall
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
root@chipmanbrown.com
hall@chipmanbrown.com

Stanley B. Tarr
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Stanley.Tarr@blankrome.com

Michael B. Schaedle
Michael D. Silberfarb
Matthew E. Kaslow
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103

**Tel.: 215-569-5500**
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com
Matt.Kaslow@BlankRome.com

# Exhibit A

Mr. Michael Hild
2302 E Marshall Street
Richmond, VA 23223

August 27th, 2025

Honorable Judge Laurie Selber Silverstein
824 North Market Street
6th Floor
Wilmington, DE 19801

Re: Response to Letter from David W. Carickhoff, Adv. Proc. No. 21-50966-LSS, Main Case No. 19-11317-LSS

Dear Honorable Judge Silverstein,

    Mr. and Mrs. Hild[1] write to provide a response to the letter filed by Mr. Stanley Tarr on behalf of Mr. Carickhoff dated August 25th, 2025 **D.I. 225** (the "Letter").

### More Misrepresentations to this Court by Mr. Tarr and Mr. Carickhoff

    Mr. and Mrs. Hild have clearly demonstrated a desire to settle in good faith after Mr. Tarr's settlement negotiation email was sent to them only an hour before the May 12th, 2025 hearing, as is evidenced by **Exhibit A**.[2] These supposed good faith settlement efforts Mr. Tarr disingenuously referred to at the hearing on May 12th, 2025 can now be seen for what they are—an optical illusion.

    It was Mr. Tarr and Mr. Carickhoff who are playing games when they stalled and then stated finally on May 23rd, 2025 and never followed through: "*We expect to speak to the trustee on this framework next week after the holiday and then convey his views to you next week if possible.*"

    The Hilds are still awaiting a follow up communication since that May 23rd, 2025 communication, despite 3.5 months of waiting, and disingenuous circumlocutions designed to give only the appearance of good faith negotiations, but with no genuine intention of resolving matters. This charade is really only a desire to churn the file, generating billable hours on a case without merit, and stripping the estate of all assets as a result.

---

[1] Mr. and Mrs. Hild have prepared and filed this document pro se but it is written in third person for the sake of clarity when reading. Mr. and Mrs. Hild are not attorneys. Mr. and Mrs. Hild do not waive the right to maintain the confidential treatment of their attorney-client privileged communications.

[2] The Hilds waive their right to confidentiality exclusively as it pertains to **Exhibit A**, even though they requested it, as it demonstrates their good faith and Mr. Tarr and Mr. Carickhoff's lack thereof. Mr. Tarr requested no confidentiality in the attached communication, and so it is provided.

1

### The Improper *Lis Pendens,*
### the Multi-Year Pending Motion to Quash,
### and Mr. Brown's Status

The Hilds have repeatedly raised to this Court with the most recent communication being over a month ago, the impossible situation in which they have been placed, in their letter dated July 21st, 2025 Request to Approve Mr. Charles Brown's Withdrawal in Case: Adv. No. 21-50966, hereafter referred to as "Withdrawal Approval Letter" and attached as **Exhibit B**.

Surprisingly, no action by way of a ruling related to the long outstanding Motion to Quash the improper *lis pendens* has taken place by this Court, despite it communicating it would "soon" at the May 12th, 2025 hearing, nor was the request for Mr. Brown's withdrawal approved with the associated terms requested by the Hilds in their July 21st, 2025 letter.

The Hilds are deeply concerned about this lack of a ruling in both matters, and the catastrophic and unrelenting consequences it has and continues to unleash. The Hilds even notified this Court of its intention to abandon its obligations for the properties improperly seized by the *lis pendens* with a Letter Notice to Court attached as **Exhibit C**. Yet the Court has seemingly ignored the cataclysmic situation caused for the Hilds by the improper *lis pendens* and the Court's continued failure to rule on the associated Motion to Quash.

The Hilds simply cannot understand the reason for lack of rulings on these matters. This is especially concerning in light of the Hilds own experience with *lis pendens* in which their attorney in Kentucky filed a *lis pendens* against numerous properties Mr. Hild's former attorney purchased via LLCs with the $1.5MM in funds he defrauded from Mrs. Hild, and for which Mr. Dusing was subsequently suspended in both Ohio and Kentucky on a remedial basis as a threat to the public, later jailed twice, and ordered to undergo extensive psychiatric counseling. Despite what Mr. Dusing did to the Hilds (resulting in this very case in front of this Court no less) the Hild's *lis pendens* was immediately knocked down, on an emergency basis more than 3 years ago, giving the Hilds only 7 days to remove the *lis pendens* (which they did) stating as justification:

*"Defendants have met each of the elements for temporary injunctive relief required under CR 65.04: there is a substantial question on the underlying merits of the case, the movants' remedy will be irreparably impaired absent the extraordinary relief, and an injunction will not be inequitable. In fact, the public's interest will be promoted by enforcing Kentucky law with respect to a lis pendens and a property owner's right to use, enjoy and sell its real property without interference from general creditors who do not have claims affecting the owner's right, title, claim and interest in the real property."*

The Hilds continue litigating the associated claims against Mr. Dusing, *pro se* because of a lack of a ruling on the Motion to Quash the *lis pendens* causing a lack of funds.

Bottom line, the Motion to Quash the *lis pendens* must be ruled upon and the *lis pendens* removed. Otherwise, this court is essentially continuing to sanction through inaction a *de facto lis pendens*, and ordering the Hilds into mediation with forcible representation by an attorney who thinks he no longer represents them (Mr. Brown, but only for mediation), and required to negotiate with terrorists (Mr. Carickhoff and his attorneys) who have a boot on the Hilds' necks and are intentionally starving them of oxygen, while maliciously destroying the Hilds' lives,

2

destroying their careers and reputations, intentionally causing financial cataclysm through forcible default with their lender (Virginia Credit Union), and the death of two family members who essentially killed themselves from a wave of depression related fallout. This has to stop; the Court needs to rule.

As it pertains to Mr. Brown's status, he continues to not send pertinent filings in this case to the Hilds, keeping them in the dark, and the Hilds' are left with Mr. Brown claiming his only obligation, and corresponding commitment made at the May 12th, 2025 hearing, pertains to helping with mediation, despite his withdrawal not being yet granted by this Court, and effectively blocking all discovery activity in the case.

With an extensive period of non-communication from Mr. Brown, and no activity pertaining to discovery taking place, the Hilds have found out only after the fact that Mr. Brown apparently met with the mediator, unbeknownst to the Hilds, without the Hilds' involvement or approval, and with no idea what was communicated. The Hilds also are now aware that apparently mediation statements weren't filed when due (if that is true as Mr. Carickhoff claims as the Hilds have had no access to, or communication with, the mediator).

As things stand, this Court needs to rule on the long pending Motion to Quash the *lis pendens* as it previously communicated it would. The Hilds were under the impression that would occur long ago, and certainly before any mediation would take place. The Court should also approve Mr. Brown's withdrawal with the associated proposed order and associated terms the Hilds' requested in **Exhibit B** (and restated below). Lastly, the Court should rule on the Motion Requesting Order of Clarification as it pertains to the terms of the settlement between Virginia Credit Union and Mr. Carickhoff which continues as an unmitigated disaster for the Hilds as **Exhibit D**, caused by the concerns of the Hilds seemingly not being considered by this Court when approving the ill advised language in the Settlement Agreement causing the exact problems the Hilds foresaw, and now require clarification.

## Appeal Status

The seemingly never ending "appeal", in all its various forms, is nowhere close to being settled. The 2nd Circuit unsurprisingly acted as a rubber stamp, including its apparent ignoring of US Supreme Court rulings. Unfortunately, that pattern of history by the 2nd Circuit is evidenced by *Ciminell*, which is pertinent to Mr. Hild's case, and for which an *amicus* brief was written to the Supreme Court illustrating how Mr. Hild was similarly prosecuted under false law. The 2nd Circuit inexplicably ignored the faulty jury instructions.

What is even more concerning, is the 2nd Circuit made no ruling on the ineffective assistance of counsel issue (for Mr. Hild's counsel at the time, Mr. Dusing) which is what the appeal was primarily geared toward, despite the issue being fully litigated, and now to which all of the newly obtained evidence is inexorably linked, including but not limited to:

(i) Dan Foster, in cooperation with the SEC/SDNY, fixing the prices on the bonds behind the scenes in conjunction with Bloomberg yet Dusing inexplicably performed no research and issued no subpoenas related to the matter;

(ii) IDC being forced under threat by the SEC to cease pricing the bonds but never called as a witness by Mr. Dusing;

(iii) Mr. Haddock giving false testimony at trial related to items (i) and (ii) above yet Mr. Dusing obtained no evidence to cross examine Mr. Haddock and questioning his statements which have now been proven to be false;

(iv) Mr. Stumberger's recantation and being compelled to change his answers at the instigation of the government at his plea hearing but never raised by Mr. Dusing at the time; and

(v) the SEC causing the Lenders to intentionally instigate liquidity crises at Live Well unbeknownst to Mr. Hild until Mr. Carickhoff filed his lawsuit against Wedbush Securities revealing the clandestine scheme (because of Mr. Dusing's failure to issue lender subpoenas).

Instead, the 2nd Circuit kicked the can down the road and instructed Mr. Hild to re-litigate the issue which has already been litigated, and resubmit it via collateral review (a *habeas* petition) which will take years to resolve. Mr. Hild's criminal attorney is raising this issue with the appropriate courts to attempt to force this issue to be resolved rather than Mr. Hild being stuffed back into the various court's washing machines after more than eight years of this debacle since the SEC, and those under its control and influence, torpedoed Live Well, but then hid what they did, and then the SDNY assisted in the corruption by burying evidence in violation of *Brady*, and destroying Mr. and Mrs. Hild (with the assistance of Mr. Carickhoff and his attorneys), and the Hild family, in the process.

## **CONCLUSION**

The Court should (a) rule on the long outstanding Motion to Quash the lis pendens; (b) rule on the Motion Requesting Order of Clarification as it pertains to the terms of the settlement between Virginia Credit Union and Mr. Carickhoff, and (c) approve Mr. Brown's withdrawal with the associated proposed order and associated terms the Hilds' requested in **Exhibit B** but again restated here:

*As such, Mr. and Mrs. Hild respectfully request the Court to immediately order the following:*
*1. Approval of Mr. Brown's Motion to Withdraw;*
*2. Order Mr. Brown to complete an inventory of the discovery he has completed and transmit it to Mr. and Mrs. Hild in the form of the discovery inventory spreadsheet which was attached as Exhibit B to D.I. 207 (with corresponding links to download documents) under penalty of sanctions for failing to comply within thirty (30 days);*
*3. Order Mr. Brown to cooperate with Mr. and Mrs. Hild on the transition to pro se representation under penalty of sanctions; and*
*4. Rescind the portion of this Court's Order D.I. 215 which states that "all discovery issued by the Hild's acting pro se is stayed until further order of the Court."*

Once these three items are completed, the Hilds' can engage with the mediator while continuing discovery since there is no guarantee mediation will be successful, especially in light of Mr. Tarr and Mr. Carickhoff's disingenuous behavior as it pertains to settlement negotiations which directly preceded the Court's ordering of mediation.

Mr. and Mrs. Hild thank the Court for its timely attention to these matters.

4

Respectfully,

Michael C. Hild

Laura D. Hild

Copy electronically provided to:

Charles J. Brown III
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel.: 302-425-5813
cbrown@gsbblaw.com

Alan M. Root
Bryan J. Hall
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
root@chipmanbrown.com
hall@chipmanbrown.com

Stanley B. Tarr
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Stanley.Tarr@blankrome.com

Michael B. Schaedle
Michael D. Silberfarb
Matthew E. Kaslow
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com
Matt.Kaslow@BlankRome.com

From: **Tarr, Stanley B.** stanley.tarr@blankrome.com
Subject: **RE: Carickhoff v. Hild, et al. (Live Well Financial, Inc.)**
Date: **May 23, 2025 at 8:55:49 PM**
To: **Michael Hild** michaelchristopherhild@gmail.com, **Laura Hild** luludyer@yahoo.com
Cc: **Charles J. Brown** cbrown@gsbblaw.com

**EXHIBIT A**

Mr, Hild:

As discussed, we are considering a renewed framework for settlement given the recent evolution of your defense posture.  We expect to speak to the trustee on this framework next week after the holiday and then convey his views to you next week if possible.

We have previously invited you to counter the trustee's prior settlement offer.   So long as you understand that the trustee does not feel bound by any element of the structure of your counter, we invite you to do so early next week as that will inform our client's views on the framework he may or may not put forward – after the holiday.

Regards,

**Stanley B. Tarr** I BLANKROME
1201 N. Market Street I Suite 800 I Wilmington, DE 19801
O: 302.425.6479 I F: 302.428.5104 I stanley.tarr@blankrome.com

**From:** Michael Hild <michaelchristopherhild@gmail.com>
**Sent:** Friday, May 23, 2025 5:27 AM
**To:** Tarr, Stanley B. <stanley.tarr@blankrome.com>
**Cc:** Laura Hild <luludyer@yahoo.com>; Charles J. Brown <cbrown@gsbblaw.com>
**Subject:** Re: Carickhoff v. Hild, et al. (Live Well Financial, Inc.)

**This communication is protected as a confidential settlement communication.**

You asked us for a counter. I told you we would do that, but needed an answer on the structural question Mr. Carickhoff would entertain. Here is what was last stated:

"*Please touch base with Mr. Carickhoff and let us know if he wants/prefers known/certain terms, irrespective of what happens regarding the appeal. If so, that is where Mrs. Hild/I will focus our energy and then get back with you.*"

That was ten days ago. We haven't received an answer to that very simple question.

So please clarify:
1. Are you going to answer our structural question so we can make a counter as you requested?
2. Or are you preparing an offer?

If it's 1, we need an answer today so Mrs. Hild/I can discuss and get back with you before the weekend is over.

If it's 2, when are we going to hear from you?

I was under the impression you wanted to try to get something agreed upon, if possible, before the judge potentially orders mediation at the next status hearing. We share that desire since we could potentially solve matters ourselves without involving a mediator. But the next status hearing will be only ~2 weeks or so from now. So regardless if it's 1 or 2 above, we don't have much time.

On May 22, 2025, at 9:30 PM, Tarr, Stanley B. <stanley.tarr@blankrome.com> wrote:

I'm unsure why you're creating false deadlines. As I've told you, we will revert at our earliest convenience. There's nothing to be read into that statement. If you decide that you won't listen to a settlement offer when it comes that will be your choice.

---

**From:** Michael Hild <michaelchristopherhild@gmail.com>
**Sent:** Thursday, May 22, 2025 8:58:20 PM
**To:** Tarr, Stanley B. <stanley.tarr@blankrome.com>
**Cc:** Laura Hild <luludyer@yahoo.com>; Charles J. Brown <cbrown@gsbblaw.com>
**Subject:** Re: Carickhoff v. Hild, et al. (Live Well Financial, Inc.)

**This communication is protected as a confidential settlement communication.**

Mr. Tarr,

We are left to assume that there is no interest in a settlement on Mr. Carickhoff's part since

we have not heard back from you. What we thought was a simple, good faith structural question has turned into 10 days of waiting for a reply. That has us questioning why you reached out in the first place.

We will proceed under the assumption there is no interest in settling unless we hear back from you by tomorrow. That's unfortunate, but it is what it is. We were willing to engage.

Thank you,
Michael


On May 19, 2025, at 11:10 AM, Tarr, Stanley B. <stanley.tarr@blankrome.com> wrote:


Good morning.

I will be back in touch as soon as possible.

Working with various professionals' calendars in connection with presenting thoughts to the Trustee.

Best,


**Stanley B. Tarr** I BLANKROME
1201 N. Market Street I Suite 800 I Wilmington, DE 19801
O: 302.425.6479 I F: 302.428.5104 I stanley.tarr@blankrome.com

**From:** Michael Hild <michaelchristopherhild@gmail.com>
**Sent:** Saturday, May 17, 2025 3:16 PM
**To:** Tarr, Stanley B. <stanley.tarr@blankrome.com>
**Cc:** Laura Hild <luludyer@yahoo.com>; Charles J. Brown <cbrown@gsbblaw.com>
**Subject:** Re: Carickhoff v. Hild, et al. (Live Well Financial, Inc.)

**This communication is protected as a confidential settlement communication.**

Mr. Tarr,


Just checking in as we never heard back from you. We were under the impression you

were going to get back to us and advise on the outstanding structural question. Please let us know.

Regards,
Michael

On May 12, 2025, at 8:32 PM, Michael Hild <<u>michaelchristopherhild@gmail.com</u>> wrote:

**This communication is protected as a confidential settlement communication.**

Please touch base with Mr. Carickhoff and let us know if he wants/prefers known/certain terms, irrespective of what happens regarding the appeal. If so, that is where Mrs. Hild/I will focus our energy and then get back with you.

Thank you,
Michael

On May 12, 2025, at 8:24 PM, Tarr, Stanley B. <<u>stanley.tarr@blankrome.com</u>> wrote:



# EXHIBIT B

Mr. Michael Hild
Mrs. Laura Hild
2302 E Marshall Street
Richmond, VA 23223

July 21st, 2025

Honorable Judge Laurie Selber Silverstein
824 North Market Street
6th Floor
Wilmington, DE 19801

Re:    Request to Approve Mr. Charles Brown's Withdrawal in Case:  Adv. No. 21-50966
(LSS)

Dear Honorable Judge Silverstein,

     Mr. and Mrs' Hild[1] write in request of immediate approval of Mr. Charles Brown's
Motion to Withdraw in Case:  Adv. No. 21-50966 (LSS) along with other relief as described
more fully below.

     As a reminder to this Court, Mr. and Mrs. Hild initially opposed Mr. Brown's Motion to
Withdraw in the hopes that Mr. Brown might engage and demonstrate a willingness to work
towards their interests in this case, especially in light of the Hild's offer to assist Mr. Brown with
much of the heavy lifting. However, Mr. Brown has continued to refuse to engage and
communicate.

     The status letter filed **D.I. 207** demonstrates Mr. and Mrs. Hild's inability to even obtain
a simple inventory from Mr. Brown of what limited discovery he may have completed on the
case. The Hilds remain in the dark, with essentially no assistance from Mr. Brown, thereby
leading to an impossible situation. Mr. and Mrs. Hild have repeatedly requested Mr. Brown's
assistance pertaining to discovery activity both before and since the May 12th, 2025 hearing,
which has gone completely unanswered and unaddressed by Mr. Brown. While Mr. Brown may
be the attorney of record listed with the Court in this case, it is in name only. Unable to engage
with Mr. Brown, the Court's recent order, **D.I. 215** makes the impossible situation even worse,
forcing Mr. and Mrs. Hild to perform discovery and all case activity via the "ghost of Charlie
Brown." Mr. Brown's involvement cannot be pretended to be any reasonable semblance of legal
representation. Mr. Brown's lack of diligence on this case has, and continues, to prejudice Mr.
and Mrs. Hild's interests.

     Given the Court's lack of issuance of an order in the Motion to Quash the *lis pendens* in
this case, that continues to act as a multi-year *de facto* denial of the motion, and thereby has
improperly seized Mrs. Hild's property rights, working to destroy her financially, and starving

---

[1] Mr. and Mrs. Hild have prepared and filed this document *pro se* but it is written in third person for the sake of
clarity when reading. Mr. and Mrs. Hild are not attorneys. Mr. and Mrs. Hild do not waive the right to maintain the
confidential treatment of their attorney-client privileged communications.

Mrs. Hild of resources to live, or defend this case. As such, Mr. and Mrs. Hild have no ability to obtain new counsel as the Trustee has been granted free reign to maliciously destroy Mrs. Hild without consequence, thereby putting her very life at risk given the lack of access to health care while facing serious health problems, or means to provide for herself (given the interplay of the stalker/harasser, Mr. Russell Walker, and Mr. William Panak, a former Live Well Board member). As such, Mr. and Mrs. Hild will now also have to defend themselves *pro se* in this case going forward.

This unmanageable situation has allowed Mr. Carickhoff and his attorneys (along with numerous other third party witnesses and document holders, including but not limited to Mr. Foster, Bloomberg, IDC, Mr. Matt McDonald, the Securities and Exchange Commission, Mr. Russell Walker, etc) to benefit from the use of Mr. Brown as a shield, and thereby prevent Mr. and Mrs. Hild from gaining any access to information that would assist in their defense. This cannot continue.

Perhaps, this predicament was Mr. Brown's intent, so it would cause Mr. and Mrs. Hild to file this very letter since he knows Mr. and Mrs. Hild cannot allow this unmanageable situation with no discovery activity taking place to continue. So be it. Mr. and Mrs. Hild thereby file this request to allow Mr. Brown to immediately withdraw accordingly as it would be better than the currently impossible predicament. We cannot be held accountable for Mr. Brown's failure to act, or be prejudiced any further.

Mr. and Mrs. Hild also understand that the Court has recently found a mediator in this case. However, given the above described situation, Mr. and Mrs. Hild cannot be forced to suffer Mr. Brown's involvement in mediation (whatever that limited involvement might be) since he refuses to engage, and it runs the risk of prejudicing their interests even more than it has already.

Additionally, there is no guarantee that mediation will be successful, and the Hilds cannot be prejudiced any further than they already have with seemingly endless delays and lack of follow through related to discovery and other important case matters caused by Mr. Brown's failure to act or engage. Mr. and Mrs. Hild are of the understanding that they are supposed to be actively pursuing discovery via Mr. Brown, simultaneous to mediation given this Court's two recent orders.[2] However, no discovery activity is taking place to our knowledge. Mr. Brown is virtually impossible to get in touch with, refuses to communicate, and is not (and has not) been

---

[2] Per **D.I. 215**:
> *(1) All discovery issued by Hilds acting pro se is stayed until further order of the Court.*
> *(2) No party in receipt of a subpoena or other discovery request issued by the Hilds acting pro se is required to respond to that subpoena or discovery request until further order of the Court.*
> *(3) Nothing in this Order shall impact subpoenas or other discovery requests issued by Counsel in conformance with applicable rules and orders of the Court.*
Additionally, the Court stated in **D.I. 216** that the case was not stayed, under section 4:
> *4. The appointment of the Settlement Judge and related processes DO NOT DELAY OR STAY any otherwise applicable discovery deadlines, pretrial hearing dates, briefing schedules, or trial schedules, unless separately ordered by this Court.*

pursuing discovery, despite countless attempts by Mr. and Mrs. Hild to engage with Mr. Brown. It is as if Mr. Brown has been sucked into a black hole, or otherwise abandoned the case.

As such, Mr. and Mrs. Hild respectfully request the Court to immediately order the following:

1. Approval of Mr. Brown's Motion to Withdraw;
2. Order Mr. Brown to complete an inventory of the discovery he has completed and transmit it to Mr. and Mrs. Hild in the form of the discovery inventory spreadsheet which was attached as Exhibit B to **D.I. 207** (with corresponding links to download documents) under penalty of sanctions for failing to comply within thirty (30 days);
3. Order Mr. Brown to cooperate with Mr. and Mrs. Hild on the transition to *pro se* representation under penalty of sanctions; and
4. Rescind the portion of this Court's Order **D.I. 215** which states that "*all discovery issued by the Hild's acting pro se is stayed until further order of the Court.*"

We thank the Court in advance for its prompt attention to this urgent matter.

Respectfully,

Michael C. Hild

Laura D. Hild

3

Copy electronically provided to:

Charles J. Brown III
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel.: 302-425-5813
Fax: 302-425-5814
cbrown@gsbblaw.com

Laura Hild
2302 E Marshall Street
Richmond, VA 23223
luludyer@yahoo.com

Alan M. Root
Bryan J. Hall
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
(302) 295-0199 (fax)
root@chipmanbrown.com
hall@chipmanbrown.com

Stanley B. Tarr
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Facsimile: (302) 425-6464
Stanley.Tarr@blankrome.com

Michael B. Schaedle
Michael D. Silberfarb
Matthew E. Kaslow
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Fax: 215-569-5555
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com
Matt.Kaslow@BlankRome.com

# EXHIBIT C

Mr. Michael Hild
Mrs. Laura Hild
2302 E Marshall Street
Richmond, VA 23223

July 22nd, 2025

Honorable Judge Laurie Selber Silverstein
824 North Market Street
6th Floor
Wilmington, DE 19801

Re:    Notice to Court in Case:  Adv. No. 21-50966 (LSS)

Dear Honorable Judge Silverstein,

      Mr. and Mrs. Hild[1] write to provide notice to this Court, that unless an order is issued by August 1st, 2025 which grants the relief requested in the **Motion to Quash or Cancel Notice of Lis Pendens** filed on October 27th, 2023 **D.I. 205** ("Motion to Quash") related to the improper *lis pendens* notices which were improperly and maliciously filed by Mr. Carickhoff and his attorneys, that Mr. and Mrs. Hild, and Mrs. Hild's associated Hild Entities, are left with no choice but to abandon the obligations associated with the properties as is more fully described below. Please note, Mrs. Hild and her Hild Entities do not forego their property rights by taking this action, nor does Mr. or Mrs. Hild, or the Hild Entities forego any and all remedies by law, legal rights, or right to seek relief, including but not limited to seeking damages from Mr. Carickhoff and his atoorneys, from any and all Courts with appropriate jurisdiction and authority to remedy this injustice.

      Mr. and Mrs. Hild do not take this step lightly or callously. After pouring enormous sums of capital and countless hours of sweat equity (including, but not limited to very expensive development plans with associated architectural drawings, zoning ordinance changes, historic district sponsorship and enactment, and ongoing property maintenance) into these properties for more than a decade, but with Mrs. Hild now improperly stripped of her property rights for years with no relief granted from this Court, Mrs. Hild simply can no longer take responsibility on a seemingly indefinite and ongoing basis for these properties. As such, as of August 1st, 2025, if there still remains no ruling by this Court granting the relief requested, and which is rightfully due in the long outstanding Motion to Quash, Mr. and Mrs. Hild, and Mrs. Hild's Hild Entities intend to forsake the associated burden and all ongoing upkeep/management/financial responsibility for the properties including but not limited to:

      1) providing property maintenance,
      2) ongoing financial support through personal cash infusions,
      3) responding to City of Richmond code enforcement notices,

---

[1] Mr. and Mrs. Hild have prepared and filed this document *pro se* but it is written in third person for the sake of clarity when reading. Mr. and Mrs. Hild are not attorneys. Mr. and Mrs. Hild do not waive the right to maintain the confidential treatment of their attorney-client privileged communications.

1

4) cutting grass or weeds,
5) securing broken doorways or windows by thieves and vagrants,
6) washing or painting over graffiti and vandalism,
7) paying associated taxes, utilities, stormwater charges, or bills for the properties, and
8) appearing at judicial proceedings related to unpaid property tax sale auctions.

Mr. and Mrs. Hild will direct all City of Richmond and other third party demands to this Court for a response, bill payment, and necessary actions since the Court has by its *de facto* lack of entering a ruling on the Motion to Quash granted control of the properties to Mr. Carickhoff and this Court. Mrs. Hild cannot, and will not, be forced to maintain property which she, and her Hild Entities, no longer control and for which she has unlawfully been stripped of her constitutionally protected property rights and benefits, and with no discernible relief from this Court anywhere in sight.

As this Court is already well aware, Mr. Carickhoff secretly and maliciously filed two separate improper *lis pendens* notices on December 22nd, 2022 and January 10th, 2023 on numerous properties owned by Mrs. Hild's Hild Entities, with no corresponding notice provided to Mr. and Mrs. Hild, no prior approval from this Court authorizing either *lis pendens* filing, and with no corresponding judgement awarded by this Court related to the properties. As such, Mr. Carickhoff has been allowed to essentially seize control of this case and frontrun this Court by engineering an improper victory for himself before Mr. or Mrs. Hild have even had a trial.

This gross injustice remains unremedied by this Court despite Mr. and Mrs. Hild having filed a Motion to Quash the improper *lis pendens* in order to restore Mrs. Hild's and her Hild Entities' improperly seized property rights, while attempting to minimize the ongoing cascading set of catastrophic financial, health, and emotional damages suffered by Mr. and Mrs. Hild because of Mr. Carickhoff's malicious and extralegal actions. This Court has inexplicably taken no action, which in essence continues to act as a multi-year *de facto* denial of the aforementioned Motion to Quash. As such, Mrs. Hild's property rights have been unjustly seized for more than two and a half years.

This sordid plan has worked exactly as Mr. Carickhoff maliciously intended; namely to seize Mrs. Hild's property rights and thereby destroy Mrs. Hild, starving her of the necessary resources to live or defend this case. This injustice has been furthered by the lack of a ruling being entered for an extended period of time. This is despite Mr. and Mrs Hild bringing this urgent situation to the attention of the Court repeatedly. In fact, on this case's May 12th, 2025 status hearing, Mr. and Mrs. Hild were told a ruling would come "soon" after already having been subjected to suffering approximately two and a half years of forced maintenance and out of pocket financial support of the properties despite Mrs. Hild's property rights having been improperly seized from her control. An additional ten weeks have passed since that hearing, yet there is still no ruling on the Motion to Quash, and with no apparent end in sight to this gross injustice.

Mr. and Mrs. Hild have explained at great length to this Court, and on numerous occasions, the years of unceasing and ever increasing monetary damages suffered as a direct result of Mr. Carickhoff's improper *lis pendens* which has sent a cascading set of dominoes

careening through Mr. and Mrs. Hild's lives, including but not limited to, destroying Mrs. Hild's finances, and putting Church Hill Ventures, LLC in default with its lender, Virginia Credit Union ("VACU"). The severity of this financial calamity caused by the improper *lis pendens* grows every day that it is left unremedied. These damages have been caused as a direct of Mr. Carickhoff's and his attorneys' improper actions because the *lis pendens* prevented Mrs. Hild's from selling her properties as she had intended in order to pay down VACU's loans when they became due. This is especially problematic when considering that VACU refused to renew Church Hill Ventures, LLC's loans after being threatened by Mr. Carickhoff that it must place Church Hill Ventures, LLC and Mr. Hild into default and auction off the properties for Mr. Carickhoff's benefit (despite Mr. Carickhoff having no legal right to the properties), or suffer litigation from Mr. Carickhoff. As a direct result, Mr. Carickhoff and his attorneys have caused millions upon millions of dollars of damages to Mrs. Hild by tortiously interfering in Mr. and Mrs. Hild's and the Hild Entities' business relationship with VACU through this extralegal asymmetrical warfare, which has been made worse by the lack of a ruling on the long pending Motion to Quash.

Mrs. Hild and Mr. Hild will no longer remain shackled, and subjected to ongoing siege warfare by Mr. Carickhoff which this Court has presumably (and hopefully) unwittingly sanctioned through lack of entering a ruling for such a long length of time. Mrs. Hild cannot be forced to maintain these properties which she no longer controls because of the existence of the unremedied *lis pendens*, and thereby unlawfully deprived of the ownership rights of her property. This impossible situation has perpetuated a seemingly endless physical, time, and cash drain upon Mrs. Hild to sustain the upkeep and all associated financial obligations of the properties for years, yet she is deprived of her beneficial rights of the properties' ownership, including the right to sell and dispose of the properties.

As Mr. and Mrs. Hild have already made this Court aware in numerous filings, as well as the May 12th, 2025 status hearing, this unsustainable situation has allowed Mr. Carickhoff and his attorneys to starve Mrs. and Mr. Hild into submission in this case, and other companion litigation (such as the criminal case) which assists Mr. Carickhoff's interests in this civil case. This cannot continue. Mr. and Mrs. Hild will no longer be subjugated to this absurd and unjust situation for properties Mrs. Hild and her Hild Entities no longer control because of Mr. Carickhoff's malicious actions, and this Court's lack of entering a ruling.

Mr. and Mrs. Hild would urge this Court to act by ruling on the pending Motion to Quash expeditiously as it indicated at the May 12th, 2025 hearing. The Hilds simply have no choice; they cannot financially endure this injustice any longer. Should August 1st, 2025 arrive with no action by this Court, Mr. and Mrs. Hild, and the Hild Entities shall be held harmless for the impairment of the value of the properties, potential total loss of the properties altogether along with all associated value through any future unpaid tax sales, and all associated collateral fallout caused by the abandonment of the obligations associated with the properties as described by this letter. This action is being forced upon Mrs. Hild and the Hild Entities by Mr. Carickhoff's malicious extralegal actions, coupled with this Court's lack of a ruling on the Motion to Quash which is acting to block the restoration of Mrs. Hild's constitutionally protected property rights, which have been improperly seized.

Mr. and Mrs. Hild thank the Court in advance for its prompt attention to this urgent matter.

Respectfully,

Michael C. Hild

Laura D. Hild

4

Copy electronically provided to:

Charles J. Brown III
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Tel.: 302-425-5813
Fax: 302-425-5814
cbrown@gsbblaw.com

Alan M. Root
Bryan J. Hall
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
(302) 295-0199 (fax)
root@chipmanbrown.com
hall@chipmanbrown.com

Stanley B. Tarr
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Facsimile: (302) 425-6464
Stanley.Tarr@blankrome.com

Michael B. Schaedle
Michael D. Silberfarb
Matthew E. Kaslow
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Fax: 215-569-5555
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com
Matt.Kaslow@BlankRome.com

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LIVE WELL FINANCIAL, INC., | Case No. 19-11317 (LSS) |
| Debtor. | Re: D.I. 518 |

## MOTION REQUESTING ORDER OF CLARIFICATION

Michael C. Hild and Laura D. Hild[1], *pro se*, move this Honorable Court[2] for the entry of an order of clarification (the "Motion") regarding the previously entered order on February 21st, 2024 GRANTING THE MOTION OF THE CHAPTER & TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING SETTLEMENT WITH VIRGINIA CREDIT UNION (D.I. 518) (the "Settlement Order") which approved the settlement agreement attached as Exhibit A (Settlement Agreement") between David. W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "estate") of Live Well Financial, Inc. (the debtor) and Virginia Credit Union ("VACU"). The Hilds respectfully request clarification that (a) in no way did the Court's entry of the Settlement Order approving the Settlement Agreement with VACU (i) substantiate, determine, or grant a prejudgement seizure, legal right, or perfected claim of the Trustee against or upon any assets of Church Hill Ventures, LLC, Gardenia, LLC, Kingfisher, LLC, Michael C. Hild and Laura D. Hild by the Trustee, (ii) compel, advise, or otherwise require the substitute trustee under the deeds of trust for the Assets to file an

---

[1] Mr. and Mrs. Hild have prepared and filed this document *pro se* but it is written in third person for the sake of clarity when reading. Mr. and Mrs. Hild are not attorneys. Mr. and Mrs. Hild do not waive the right to maintain the confidential treatment of their attorney-client privileged communications.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Settlement Order, and the underlying motion (D.I. 499) referenced in the Settlement Order.

interpleader action in the Receivership Proceeding in the Virginia Court and pay any Net

Proceeds and/or Contested Net Proceeds into the registry of the Virginia Court; (b) unless and

until this Court enters an order awarding a judgement to the Trustee, paragraph 4 (iii) of the

Settlement Agreement shall have no binding effect.

## **BACKGROUND**

1. At the request of the Court, on January 31st, 2024, Mr. Charles Brown filed a CERTIFICATE

OF COUNSEL REGARDING THE PROPOSED ORDER GRANTING THE MOTION OF

THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO FED. R.

BANKR. P. 9019 APPROVING SETTLEMENT WITH VIRGINIA CREDIT UNION (D.I. 517)

(the "Certificate of Counsel") which outlined the Hild Defendants concerns with the proposed

Settlement Agreement and the proposed settlement order. Those concerns included, but were not

limited to: 1) the proposed Settlement Agreement if approved by way of an *"Order from this*

*Court will be presented in another venue and read in a more expansive manner than was*

*intended"* and  2) *"The concern of the Hild Defendants is that an Order from this Court*

*authorizing the Trustee to undertake actions in another venue restricts the ability the Hild*

*Defendants to assert their rights to their property and to effectively characterize the Trustee's*

*claims to their property as an improper prejudgment seizure of their property."* The Certificate

of Counsel also proposed alternative language for the Settlement Order which would have

addressed those concerns.

2. On February 21st, 2024 this Court entered the Settlement Order approving the Settlement

Agreement between the Trustee and VACU (but to which Church Hill Ventures, LLC, Gardenia,

LLC, Kingfisher, LLC, Michael C. Hild and Laura D. Hild were not a party), but apparently

failed to consider the concerns expressed by Mr. Brown on the Hild Defendants' behalf as

expressed in the Certificate of Counsel D.I. 517, when the Court cited in the order "*upon*

*consideration of the Motion and all filings related thereto [D.I. 507, 509]* which inexplicably

omitted the Hild Defendants' Certificate of Counsel D.I. 517 filing from the Court's

consideration set when drafting and entering the Settlement Order. The concerns as expressed by

the Hild Defendants Certificate of Counsel D.I. 517 have now manifested (as more thoroughly

explained below), just as the Hild Defendants feared, but this Court apparently failed to consider,

or address, when preparing and issuing its order.

3. VACU appointed a Receiver related to a certain subset of properties listed as Assets in the

Settlement Agreement as agreed to with the Trustee (the "Receivership Properties"). Yet after

more than a year and a half of waiting for a sale which has not occurred, VACU through its

counsel (Mr. Robert Chappell) and the substitute deed of trust trustee who it has named (Mr. Jay

Kepley), are under threat of litigation by the Trustee and his attorneys who are citing the

Settlement Order which approved the Settlement Agreement. As such, VACU through its

counsel and the substitute deed of trust trustee are now claiming they cannot proceed with

foreclosure and sale of the Receivership Properties, nor can they give any surplus proceeds (if

available) from the sale after VACU is paid off, thereby depriving Mrs. Hild and her Church Hill

Ventures, LLC from its rightful property. Rather, they are claiming under threat of litigation

from the Trustee that an interpleader action must be filed and any Net Proceeds and/or Contested

Net Proceeds from the sale of Assets must be paid into the registry of the Virginia Court, because

that is what is required by this Court's Settlement Order which approved the Settlement

Agreement, despite there being no judgement awarded by this Court for the benefit of the Trustee.

4. As a result, the Assets subject to the Receivership Proceeding and any resultant post sale Net Proceeds and/or Contested Net Proceeds have essentially been taken in a prejudgement seizure from Mrs. Hild and Church Hill Ventures, LLC by the improper Settlement Agreement and the misguided expansive interpretation of the Settlement Order as demanded under threat of litigation by the Trustee and his attorneys, causing ever increasing damages to Mrs. Hild and her Church Hill Ventures, LLC, as well as Mr. Hild as guarantor on the loans to VACU.

5. Mr. and Mrs. Hild are now being forced under threat from the Trustee to litigate the claims already brought in this case in front of this Court, in yet another duplicate case in the Virginia Court in the form of an interpleader action, which is all but guaranteed to refer back to this Court for clarification in a vicious, circular do loop.

6. The Trustee continues to interfere with the Hild's business relationships in an attempt to strip them of resources and starve them into submission in this case and other companion cases, causing them to be unable to defend the myriad duplicate litigations designed to intentionally and maliciously destroy them financially and reputationally, causing all manner to provide for themselves to be rendered impossible, threatening their very ability to live, obtain employment, or obtain medical access, while Mrs. Hild and her Hild Entity properties are unconstitutionally seized before there is even a trial as part of the Trustee's extralegal campaign of asymmetrical warfare which has already caused the death of two Hild family members, and has been well documented with this Court as described in the maliciously and improperly filed lis pendens, associated Motion to Quash, and various other letter filings with this Court.

**ARGUMENT**

The requested clarification order is necessary as the concerns expressed by the Hild Defendants were apparently not considered by this Court. The Trustee is now causing the Settlement Order and the underlying Settlement Agreement to be interpreted more expansively than intended under threat of litigation by the Trustee in order to advance the Trustee's interests outside of this Court, causing damages to the Hild Defendants and unnecessary duplicative litigation with its associated legal expense. The Trustee was not awarded a prejudgment seizure of the Hild Defendants property, nor did it require or suggest an interpleader action in the Virginia Court, yet the Trustee is characterizing it as such through threats of litigation. As a direct result, third parties with whom the Hild Defendants have business relationships have been interfered with by the Trustee, irreparably damaging those relationships, and causing them to spiral into a seemingly endless set of new and unnecessary litigation. Urgent clarification from this Court is absolutely necessary to stop the insanity and cause the daily terror campaign being waged by the Trustee against the Hild Defendants in an ongoing campaign of extralegal activities to cease.

**CONCLUSION**

For these reasons, Mr. and Mrs. Hild respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A** (the "Clarification Order") clarifying that (a) in no way did the Court's entry of the Settlement Order approving the Settlement Agreement with VACU (i) substantiate, determine, or grant a prejudgement seizure, legal right, or perfected claim of the Trustee against or upon any assets of Church Hill Ventures, LLC, Gardenia, LLC,

Kingfisher, LLC, Michael C. Hild and Laura D. Hild by the Trustee, (ii) compel, advise, or

otherwise require the substitute trustee under the deeds of trust for the Assets to file an

interpleader action in the Receivership Proceeding in the Virginia Court and pay any Net

Proceeds and/or Contested Net Proceeds into the registry of the Virginia Court; (b) unless and

until this Court enters an order awarding a judgement to the Trustee, paragraph 4 (iii) of the

Settlement Agreement shall have no binding effect.

**DATED: July 28th, 2025.**

Respectfully submitted,

Michael C. Hild
2302 E Marshall Street
Richmond, VA 23223

Laura D. Hild
2302 E Marshall Street
Richmond, VA 23223

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and accurate copy of the foregoing was sent by US Mail to the Court and by electronic mail to the Judge's Chambers along with the following persons listed below on **July 28th, 2025**:

Charles J. Brown III

1201 N. Orange Street, Suite 300

Wilmington, Delaware 19801

cbrown@gsbblaw.com


Alan M. Root

Bryan J. Hall

Hercules Plaza

1313 N. Market Street, Suite 5400

Wilmington, Delaware 19801

root@chipmanbrown.com

hall@chipmanbrown.com


Stanley B. Tarr

BLANK ROME LLP

1201 N. Market Street, Suite 800

Wilmington, Delaware 19801

Stanley.Tarr@blankrome.com

Michael B. Schaedle

Michael D. Silberfarb

Matthew E. Kaslow

BLANK ROME LLP

One Logan Square

130 North 18th Street

Philadelphia, Pennsylvania 19103

Mike.Schaedle@BlankRome.com

Michael.Silberfarb@BlankRome.com

Matt.Kaslow@BlankRome.com

Respectfully submitted,

Michael C. Hild
2302 E Marshall Street
Richmond, VA 23223

Laura D. Hild
2302 E Marshall Street
Richmond, VA 23223