# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>                Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee of Live Well Financial, Inc.,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER,<br><br>and<br><br>JOHN DOES 1-100,<br>                Defendants. | Adv. No. 21-50966 (LSS)<br><br>**Re: Adv. D.I. 73, 232**<br><br>Objection Deadline:<br>**December 1, 2025** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF CHAPTER 7 TRUSTEE'S<br>
<u>MOTION TO STRIKE ANSWER SOLELY AS TO THE HILD ENTITIES</u>**

## TABLE OF CONTENT

   **Page**

RELEVANT FACTUAL BACKGROUND ............................................................................. 1

RELIEF REQUESTED ............................................................................................................ 3

BASIS FOR RELIEF ............................................................................................................... 3

CONCLUSION ........................................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Harris v. RHH P'rs LP*,
   2009 WL 891810 (Del. Ch. 3 April 2009) ................................................................................ 3

*Rowland v. Cal Men's Colony, Unit II Men's Advisory Counsel*,
   506 U.S. 194 (1992) ................................................................................................................ 3

*Simbraw, Inc. v. U.S.*,
   367 F.2d 373 (3d Cir. 1966) ................................................................................................... 3

**Statutes**

28 U.S.C.
   §§ 157 and 1334 ..................................................................................................................... 2
   § 157(b)(2) ............................................................................................................................. 2
   §§ 1408 and 1409 ................................................................................................................... 2
   § 1654 ..................................................................................................................................... 3

Plaintiff, David W. Carickhoff, solely in his capacity as the chapter 7 trustee ("Trustee") of the estate of Live Well Financial, Inc. ("Debtor"), by and through his undersigned counsel, respectfully requests the Court enter an order, substantially in the form attached hereto as **Exhibit A** ("Proposed Order"), striking the *Answer of Hild Defendants to Complaint* [Adv. D.I. 73] ("Answer") *solely* as to entity Defendants Church Hill Ventures LLC, Anderson's Neck LLC, The Butterbean LLC, Climax Beverage Co. LLC, Dogtown Brewing LLC, Gardenia LLC, Hot Diggity Donuts LLC, Kingfisher LLC, Manastoh Brewing LLC, Urban Bleat Cheese Co. LLC, Aragon Coffee Co. LLC, Peter Stumpf Brewing Company LLC, Pin Money Pickles LLC, Rosenegk Brewing Co. LLC, and Valentine's Meat-Juice Company LLC (collectively, the "Hild Entities"), and respectfully states as follows:

## RELEVANT FACTUAL BACKGROUND

1. On June 28, 2021, the Trustee commenced this adversary proceeding against Defendants Michael C. Hild ("Mr. Hild"), Laura D. Hild ("Mrs. Hild," and together with Mr. Hild, "Hilds"), and the Hild Entities (together with Hilds, "Hild Defendants") by filing the *Complaint* [D.I. 1].

2. Among other things, in the Complaint, the Trustee, on behalf of the estate, seeks to avoid and recover transfers to the Hild Entities of an interest in property of the Debtor, as actual and constructive fraudulent, preferential, unjust enrichment, and seeks a declaratory judgment that each of the Hild Entities is an alter ego of Mr. Hild, and imposition of a constructive or resulting trust with respect to certain identified real properties or the proceeds thereof. *See* Complaint, ¶¶ 259-345 (Causes of Action 1-5), 393-478 (Causes of Action 12-17). As the factual predicate for each cause of action directed at Hild Entities, the Complaint alleges in detail that each of the Hild Entities furthered Mr. Hild's fraud and personal enrichment by use of Hild Entities to stash ill-

gotten proceeds and to hide millions of dollars of such proceeds in Richmond, Virginia real estate. *See* Complaint, ¶¶ 206-258.

3. The Hild Entities first appeared in this adversary proceeding by counsel in connection with that certain *Stipulation Extending the Time for the Hild Defendants to Respond to the Complaint* [Adv. D.I. 24-1] dated July 30, 2021. The Hild Entities had been represented in this adversary proceeding by Gellert Seitz Busenkell & Brown, LLP ("GSBB").[1]

4. On December 27, 2022, the Hild Entities, among other Defendants, filed the Answer.

5. On April 21, 2025, GSBB filed its *Motion to Withdraw as Counsel to Hild Defendants* [Adv. D.I. 184] ("Motion to Withdraw").

6. On May 12, 2025, the Court held a status conference on the Motion to Withdraw ("May Status Conference"). The Hild Entities appeared by counsel and participated in the May Status Conference.

7. On October 30, 2025, the Court held a further status conference on, *inter alia*, the Motion to Withdraw ("October Status Conference"). The Hild Entities appeared by counsel and participated in the October Status Conference.

8. Following the October Status Conference, on October 30, 2025, the Court entered the *Order Granting Motion to Withdraw as Counsel to Hild Defendants* [Adv. D.I. 232] ("Withdrawal Order") pursuant to which the Court granted GSBB's Motion to Withdraw as counsel for, among others, the Hild Entities.

---

[1] On July 25, 2019, Whiteford, Taylor & Preston, LLP and Whiteford, Taylor & Preston LLC (together, "WTP") entered an appearance as counsel for Michael Hild in the main bankruptcy case. *See* Main Case, D.I. 84. On April 23, 2020, Mr. Brown filed a Notice of Substitution of Counsel, noticing the withdrawal as counsel of WTP and the substitution as counsel of Mr. Brown.

9. As of the filing of this Motion, none of the Hild Entities has retained substitute counsel. Further, none of the Hild Entities is represented by Delaware counsel in this adversary proceeding.

**RELIEF REQUESTED**

10. By this Motion, the Trustee seeks entry of the Proposed Order, substantially in the form attached hereto, striking the Answer solely as to the Hild Entities based upon the lack of necessary representation of each of the Hild Entities' interests and the inability of the Trustee to effectively proceed against the Hild Entities with respect to prosecution, mediation, and/or settlement of the matters pending in this adversary proceeding.

**BASIS FOR RELIEF**

11. It is well settled that a corporation and other legal entities must be represented in Delaware courts by counsel and cannot be represented by an individual acting pro se on its behalf. *See, e.g., Rowland v. Cal Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 202-203 (1992) ("save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *Simbraw, Inc. v. U.S.*, 367 F.2d 373, 337-47 (3d Cir. 1966); *Harris v. RHH P'rs LP*, 2009 WL 891810, at *2 (Del. Ch. 3 April 2009) (reminding 'the parties of the general rule that artificial business entities may appear in Delaware courts only through an attorney admitted to practi[s]e law in Delaware') (*citing Transpolymer Indus. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990)). The Hild Entities must be represented by counsel in this proceeding.

12. D. Del. LR 83.7 provides that "[a]n attorney may withdraw an appearance for a party without the Court's permission when such withdrawal *will leave a member of the Bar of this*

3

*Court appearing as counsel of record for the party.*" D. Del. LR 83.7 (*emphasis added*). Del. Bankr. L.R. 1001-1(g) provides that "[t]he District Court's local rules apply to all filings to be determined by the District Court—whether initially filed in the District Court or the Bankruptcy Court…" Del. Bankr. L.R. 1001-1(g). Del Bankr. L. R. 9010-1(d) requires parties "not appearing *pro se*" to obtain representation by a member of the Bar of the District Court within 28 days after the filing of the first paper filed on its behalf and "[f]ailure to timely obtain such representation shall subject the defaulting party to appropriate sanctions." Del. Bankr. L.R. 9010-1(d). Del. Bankr. L.R. 9010-2(b) mandates that an attorney may only withdraw an appearance for a party *without the Court's permission* "(i) when such withdrawal will leave a member of the Bar of the District Court appearing as attorney of record for the party or (ii) when the party (a) has no controversy pending before the Court and (b) the attorney certifies that the party consents to withdrawal of counsel." Del. Bankr. L.R. 9010-2(b).

13. D. Del. LR 83.7 requires that a member of the Bar of the District Court *must* be timely substituted as counsel of record for each of the Hild Entities. Furthermore, reading Del. Bankr. L.R. 9010-1(d) and 9010-2(b) together, because it is more than 28 days since the filing of the first paper filed on behalf of the Hild Entities in this proceeding, the Hild Entities must timely obtain representation by a member of the Bar of the District Court or be subject to appropriate sanctions. Striking the Answer solely as to the Hild Entities is an appropriate sanction. The Hild Entities have been on notice since at least the May Status Conference of the requirement they must retain counsel because, among other things, the Court advised the parties as much. *See* Adv. D.I. 194, 5/12/2025 hearing at 1:11:50 ("Mr. and Mrs. Hild can represent themselves . . . but the corporations cannot. They need counsel."). There is no prejudice to the Hild Entities if the requested relief is granted because the Hild Entities received notice and an opportunity to be heard

4

with respect to the Withdrawal Order.  Critically, any continuing lack of necessary and appropriate representation by counsel prejudices the Trustee's ability to prosecute, mediate, and/or settle this proceeding.

## **CONCLUSION**

14. For the foregoing reasons, the Trustee respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto**,** striking the Answer *solely* as to the Hild Entities, and granting the Trustee such other relief as may be just, necessary, and appropriate.

Dated: November 17, 2025

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (No. 5535)
Lawrence R. Thomas III (No. 6935)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:  (302) 425-6400
Facsimile:   (302) 425-6464
Email: stanley.tarr@blankrome.com
         lorenzo.thomas@blankrome.com

-and-

**BLANK ROME LLP**
Michael B. Schaedle (admitted *pro hac vice*)
Michael D. Silberfarb (admitted *pro hac vice*)
Matthew E. Kaslow (admitted *pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 569-5500
Facsimile:   (215) 569-5555
Email: mike.schaedle@blankrome.com
         michael.silberfarb@blankrome.com
         matt.kaslow@blankrome.com

-and-

**CHIPMAN BROWN CICERO & COLE LLP**
Bryan J. Hall (No 6285)
1313 N. Market Street, Suite 400

Wilmington, Delaware 19801
Telephone:     (302) 414-8906
Email: hall@chipmanbrown.com

*Counsel for David W. Carickhoff,*
*the Chapter 7 Trustee*