# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee of Live Well Financial, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER,<br><br>and<br><br>JOHN DOES 1-100,<br>                Defendants. | Adv. No. 21-50966 (LSS)<br><br>**Re: D.I. 73, 232, 234** |

## PLAINTIFF CHAPTER 7 TRUSTEE'S REPLY IN SUPPORT OF MOTION
## TO STRIKE ANSWER SOLELY AS TO THE HILD ENTITIES

150027123

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Endobotics, LLC v. Medrobotics Corp.*,
   C.A. No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020)................................5

*FKS Akkad Capital GP, LLC v. JohnFK Medical Co. Inc*,
   at *2 (D. Del. July 11, 2022)..............................................................................................4

*Harris v. RHH P'rs LP*,
   2009 WL 891810, at *2 (Del. Ch. 3 April 2009)...................................................................3

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*,
   507 U.S. 380 (1993)..............................................................................................................4

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*,
   506 U.S. 194, 195 (1993).....................................................................................................3

*Simbraw, Inc. v. U.S.*,
   367 F.2d 373 (3d Cir. 1966).................................................................................................3

*Transpolymer Indus. v. Chapel Main Corp.*,
   582 A.2d 936 (Del. 1990) ....................................................................................................3

**Statutes**

11 U.S.C.
   § 547..................................................................................................................................4
   § 548..................................................................................................................................4
   § 550(a)(2) ........................................................................................................................4
   § 550(f).............................................................................................................................4

Local Rule 9010-1(d) ...................................................................................................................1

Plaintiff, David W. Carickhoff, solely in his capacity as the chapter 7 trustee ("Trustee") of the bankruptcy estate of Live Well Financial, Inc. ("Debtor"), by and through undersigned counsel, hereby files this reply ("Reply") in support of the *Plaintiff Chapter 7 Trustee's Motion to Strike Answer Solely As to the Hild Entities* [D.I. 234] (the "Motion")[1] and in response to the *pro se* opposition, solely on behalf of the **Hilds** and not the **Hild Entities**, served on the Trustee that remains undocketed (the "Opposition"; attached hereto as **Exhibit A**) and respectfully states as follows:

## REPLY

1.  The **Hild Entities** have not obtained substitute Delaware counsel within the twenty-eight (28) days required by Local Rule 9010-1(d) or timely responded to the Motion filed on November 17, 2025 (18 days after the Court's entry of the Withdrawal Order). As set forth in the Motion, the Hild Entities had notice they could not appear *pro se* and needed representation by counsel as early as the May 25, 2025 hearing. [Motion, at ¶ 13]. In the absence of factual evidence to the contrary, it is clear the Hild Entities have made the strategic decision to continue their reliance on *pro se* filings by the **Hilds**. *Pro se* filings by the Hilds predate the Motion to Withdraw and have led to unnecessary costs, delay, and prejudice for the Trustee and the estate. Those costs, delay, and prejudice to the Trustee and the estate form the basis for the relief requested by the Motion and such relief – the striking of the Answer solely as to the Hild Entities – is an appropriate sanction for the Hild Entities' strategic decision(s) and remedy for the Trustee and the estate.

2.  *First,* the Trustee is entitled to timely pursue the eleven (11) counts of the Complaint against the Hild Entities in accordance with the scheduling order (as amended from time to time) agreed to by the Trustee and the Hild Entities, among other Defendants [*see* D.I. 183]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed such term in the Motion.

150027123

(the "Scheduling Order").  Pursuant to the Scheduling Order, among other things, the **Hild Entities**' time for service of written discovery demands, including interrogatories and requests for production of documents, was by no later than ***June 2, 2023***, fact depositions by no later than ***February 29, 2024***, completion of all fact discovery by no later than ***March 7, 2024***, and initial expert reports by no later than ***April 21, 2025***.  Discovery was closed well before the Court permitted counsel to the Hilds and the Hild Entities to withdraw.  The Trustee remains prejudiced in prosecuting his causes of action against the Hild Entities by their continuing failure to obtain substitute Delaware counsel.

3. *Second*, without representation by counsel, it is unclear whether the Hild Entities' decision to rely on *pro se* filings by the Hilds is a reasonable exercise of business judgment ***by the Hild Entities***.  All the while, such decision-making continues to lead to the unnecessary incurrence of costs by the Trustee and the estate as well as a transfer of resources away from recovery to creditors.[2]  For example, despite the Trustee's good faith efforts to resolve disputes in accordance with the Court's order appointing a "settlement judge" [D.I. 216], and having accepted at face value the Hild Entities' delayed participation by counsel in settlement conferences and agreement on a briefing schedule, the Trustee expended resources towards the timely submission of a mediation statement, only to then be thwarted in his mediation efforts by a new, *unilateral* pronouncement by **the Hilds** that participation in the mediation would now be conditioned upon the Court first deciding the separately pending motion to quash certain *lis pendens*. *See* Trustee's letter to the Court regarding mediation at D.I. 223.

4. It is also unclear the extent to which such pronouncement was an exercise of the

---

[2] In lieu of timely obtaining substitute Delaware counsel, Michael Hild continues to pay criminal counsel to represent his interests in the District Court for the Southern District of New York (Case No. 19-cr-00602-RA) and in the Court of Appeals for the Second Circuit (Case No. 23-6136-cr).

***Hild Entities'*** reasonable business judgment, as opposed to the ***Hilds'*** decision-making, or how declining participation in mediation was in the best interests of the Hild Entities. This issue precisely underscores the policy reasons (including, that artificial entities can only act through agents, agency law principles, and the complexity of corporate law) federal courts require that all business entities may appear only through licensed counsel. *See Rowland v. Cal, Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993); *Simbraw, Inc. v. U.S.*, 367 F.2d 373 (3d Cir. 1966); *Harris v. RHH P'rs LP*, 2009 WL 891810, at *2 (Del. Ch. 3 April 2009) (*citing Transpolymer Indus. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990)). Further, it is also unclear how the proliferation of *pro se* filings by ***the Hilds*** inures to the benefit of ***the Hild Entities*** without obtaining substitute Delaware counsel. For all of the foregoing reasons and more, the Motion is not "premature, prejudicial, or unsupported by the record." [Opposition, at ¶ 2].

5. <u>Third</u>, the fundamental premise animating the Hilds' (***not the Hild Entities'***) Opposition is that "that the claims against the Hild Entities are derivative of those against the Hilds individually and that no default or prejudice should occur until liability is established against the Hilds." [*Id.*].[3] Even assuming *arguendo* such premise is true, it is the Hilds' misapprehension of the import from such premise that creates the unnecessary costs, delay, and prejudice to the Trustee and the estate because: a plaintiff (here, the Trustee) is entitled to pursue its claims against defendants at the time of such plaintiff's choosing. And, although a defendant may assert defenses and objections under the Federal Rules of Civil Procedure and/or the Bankruptcy Rules, it does not follow that a defendant can marshal the prosecution of a preferred subset of claims against it

---

[3] It goes without saying the Court has never "adopted" advice given to the Hild Defendants by their former counsel. *See* Opposition, at ¶ 2. The Trustee reserves the right to assert the waiver of attorney-client privilege by the at an appropriate time. *See* Opposition, Exhibit B.

by demanding such preferred subset of claims be held in abeyance until other asserted claims are determined by the Court. That is not the law. The Trustee may pursue avoidance and recovery of alleged fraudulent and preferential transfers under state law and the Bankruptcy Code against initial transferees and/or immediate or mediate transferees, independently or simultaneously. *Compare,* 11 U.S.C. §§ 547, 548 (avoidance) *with* 11 U.S.C. §§ 550(a)(2),(f) (recovery). Moreover, the Trustee has asserted other claims against the Hild Entities including, without limitation, aiding and abetting breaches of fiduciary duty, unjust enrichment, alter ego and constructive and/or resulting trust liability theories against the Hild Entities that assert interest(s) in real properties—all of which the Trustee is entitled to pursue now.

6. There is no excusable neglect available for the Hild Entities' failure to timely file a response to the Motion. The *Pioneer* factors – danger of prejudice to the Trustee, length of delay, reason for the delay, and good faith – do not support a finding of excusable neglect by the Hild Entities. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). The Opposition admits that participants at the October 30 hearing understood the Court verbally granted the Withdrawal Motion. [Opposition, at ¶ 4]. Thirty-five (35) days have passed since that hearing and the Hild Entities still remain unrepresented in this adversary proceeding. Any prejudice to the Hild Entities is entirely of their own making.

7. *Finally*, alternatively, in lieu of an order approving the Motion, the Court could enter an order in respect of the Motion that allows the Hild Entities up to an additional 28 days from entry of such order to obtain substitute counsel with failure to meet such deadline immediately resulting in entry of a default and/or default judgment against the Hild Entities. *See, FKS Akkad Capital GP, LLC v. JohnFK Medical Co. Inc.*, C.A. No. 20-952-CFC, 2022 WL

4

2666002, at *2 (D. Del. July 11, 2022); *Endobotics, LLC v. Medrobotics Corp.*, C.A. No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020).[4]

## CONCLUSION

For the foregoing reasons and those articulated in the Motion, the Trustee respectfully requests this Court enter an Order, substantially in the form attached to the Motion, striking the Answer solely as to the Hild Entities and granting the Trustee such other relief as may be just, necessary, and proper.

Dated: December 5, 2025

/s/ Stanley B. Tarr
Stanley B. Tarr (No. 5535)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Email: Stanley.Tarr@blankrome.com

-and-

Michael B. Schaedle (admitted *pro hac vice*)
Michael D. Silberfarb (admitted *pro hac vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com

-and-

Alan M. Root (No. 5427)
Bryan J. Hall (No. 6285)
CHIPMAN BROWN CICERO & COLE, LLP
Hercules Plaza
1313 N. Market St., Suite 5400
Wilmington, DE  19801

---

[4] Cases generally hold that where a corporate entity is without counsel, a court may strike any of the unrepresented party's pleading, even where doing so would result in entry of default in appearance and/or default judgment under the Federal Rules of Civil Procedure.

Tel: (302) 295-0191
Root@ChipmanBrown.com
Hall@ChipmanBrown.com

*Counsel for David W. Carickhoff,
the Chapter 7 Trustee*