**EXHIBIT A**

**(HILDS' OPPOSITION)**

150027123

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee of Live Well Financial, Inc.,<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER,<br><br>and<br><br>JOHN DOES 1-100;<br><br>Defendants. | Adv. Pro. No. 21-50966 (LSS)<br><br>Re: Adv. D.I. 73, 232, 234 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF CHAPTER 7 TRUSTEE'S MOTION TO STRIKE ANSWER SOLELY AS TO THE HILD ENTITIES**

Michael C. Hild and Laura D. Hild (collectively, the "Hilds")[1], proceeding pro se as individual defendants and interested parties in the above-captioned adversary proceeding, respectfully submit this Memorandum in Opposition to the Motion to Strike Answer Solely as to the Hild

---

[1] Mr. and Mrs. Hild have prepared and filed this document *pro se* but it is written in third person for the sake of clarity when reading. Mr. and Mrs. Hild are not attorneys, and do not waive their right to maintain the confidential treatment of their attorney-client privileged communications.

1

Entities [Adv. D.I. 234] (the "Motion") filed by David W. Carickhoff, solely in his capacity as Chapter 7 Trustee (the "Trustee"). The Hilds oppose the Motion for the reasons set forth below and request that the Court deny it in its entirety.

The Hilds request that the Court schedule a hearing if necessary, pursuant to Local Rule 9013-1, to address the interconnected delays in this proceeding, including the unresolved Motion to Quash Lis Pendens [Adv. D.I. 105] and Motion for Clarification [D.I. 577, main case].

## INTRODUCTION

1. The Trustee seeks to strike the Answer [Adv. D.I. 73] solely as to the entity defendants Church Hill Ventures LLC, Anderson's Neck LLC, The Butterbean LLC, Climax Beverage Co. LLC, Dogtown Brewing LLC, Gardenia LLC, Hot Diggity Donuts LLC, Kingfisher LLC, Manastoh Brewing LLC, Urban Bleat Cheese Co. LLC, Aragon Coffee Co. LLC, Peter Stumpf Brewing Company LLC, Pin Money Pickles LLC, Rosenegk Brewing Co. LLC, and Valentine's Meat-Juice Company LLC (collectively, the "Hild Entities") in this adversary proceeding on the grounds that the Hild Entities are unrepresented following the withdrawal of their former counsel, Charles J. Brown, III ("Mr. Brown").

2. The Motion is premature, prejudicial, and unsupported by the record. It ignores prior representations by Mr. Brown—adopted by the Court—that the claims against the Hild Entities are derivative of those against the Hilds individually and that no default or prejudice should occur until liability is established against the Hilds. Moreover, the Motion exploits ongoing delays in this proceeding, including the Court's unresolved Motion to Quash Lis Pendens [Adv. D.I. 105] (filed over two years ago on October 27,

2

2023), which has deprived the Hilds and Hild Entities of the ability to access assets necessary to retain substitute counsel. Granting the Motion would effectively allow the Trustee to obtain a default judgment without trial, circumventing due process and the merits of the case.

**ARGUMENT**

3. **The Motion Contradicts Prior Representations and Court Guidance Regarding Representation of the Hild Entities.** In his August 27, 2025 letter to the Court [Adv. D.I. 225], Mr. Brown—then counsel for all defendants—explicitly stated: "Of course, I recognize that the Hild Entities cannot represent themselves. However, I believe that in order for the Hild Entities to be liable on any claim, either Mr. Hild, or certainly Mrs. Hild, would first have to be found liable. As such, I do not believe that a default judgment against any Hild Entity would be appropriate unless, and until, Mr. and Mrs. Hild are first found liable. Accordingly, even if the Hild Entities do not engage substitute counsel, I think that any potential prejudice against the Hild Entities would be mitigated." (Exhibit A, attached hereto).

4. This position was reiterated in email correspondence between Mr. Brown and Michael Hild on November 19, 2025, where Mr. Brown confirmed: "My view is that the Trustee's claims against the Hild entities are derived from the claims asserted against you and Laura – especially Laura. I thought that then and think that now. I stand by my comments that you quoted below." Mr. Brown further explained the distinction between a "default" and a "default judgment," noting that in cases involving unliquidated damages like this one, a court might enter a default but withhold judgment until damages are determined, often through an inquisition hearing. He suggested that "the claims against the Hild

3

Entities should be considered [not] fully liquidated until the claims against you and Laura are decided," and that entering a default without judgment could be appropriate, allowing the Hild Entities to potentially prevail if no liability is found against the Hilds. (Exhibit B, attached hereto; redacted for irrelevance). The Court verbally granted Mr. Brown's withdrawal at the October 30, 2025 hearing, with the understanding that the Hilds consented and that the derivative nature of the claims would protect the Hild Entities from immediate prejudice. The Trustee's Motion cites no authority requiring immediate striking of the Answer absent substitute counsel, especially where, as here, the claims are unliquidated and contingent on findings against the individual defendants. See Local Rule 9010-2(b) (allowing courts discretion in withdrawal and representation matters); see also In re Downs, 103 F.3d 472, 477 (6th Cir. 1996) (courts should avoid defaults that prejudice parties where claims are derivative).

5. **Lack of Notice of the Written Withdrawal Order Prejudices the Hilds and Hild Entities.** The Hilds were not served with a copy of the written order granting Mr. Brown's withdrawal [Adv. D.I. 232], despite repeated inquiries (see Exhibit B). The first notice came via the Trustee's Motion itself, filed on November 17, 2025. This lack of notice violated due process and prevented the Hilds from timely addressing representation for the Hild Entities. The Clerk's office refused to add the Hilds to the notification list while represented, exacerbating the issue. Under FRBP 9006(b), excusable neglect warrants denial of the Motion or an extension to allow the Hild Entities time to retain counsel.

6. **The Unresolved Motion to Quash Lis Pendens Has Created Undue Prejudice, Preventing Retention of Counsel.** For over two years, the Motion to Quash Lis Pendens

4

[Adv. D.I. 105] has remained unresolved, effectively seizing the Hild Entities' assets pretrial (forcing the Hilds to maintain the assets out of pocket with no benefits, and facing criminal threats of prosecution should they fail what is demanded of them), and starving the Hilds of resources to hire replacement counsel. The Hilds have raised this issue repeatedly in filings and status conferences, emphasizing that resolution is necessary for a fair defense. Granting the Trustee's Motion now would reward these delays and allow a "catastrophic" default, as described in the Hilds' correspondence (Exhibit B). Courts have discretion to deny strikes or defaults where systemic delays cause prejudice. See Local Rule 83.7 (emphasizing fairness in withdrawal); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (considering prejudice in excusable neglect analyses).

7. **While the Motion Cites Authority for the General Requirement of Counsel, It Provides No Specific Legal Support for Immediately Striking the Answer as a Sanction and Ignores the Derivative Nature of the Claims.** As Mr. Brown noted in his November 19, 2025 email, "the Trustee cites no authority for the proposition that it is appropriate to the [sic] strike the answer. The Trustee merely claims that he feels that it is an appropriate remedy – apparently based on the legal authority that the Trustee wants it." The Trustee's claims involve unliquidated damages requiring proof against the Hilds first (e.g., constructive fraud tied to solvency). Striking the Answer would lead to an improper default judgment under FRBP 7055, bypassing the need for an inquisition hearing on damages. The Hilds, as interested parties, assert that Laura Hild's property interests in the Hild Entities should not be impaired without a finding against her individually.

8. **Discovery Issues and Prior Sanctions Requests Further Weigh Against the Motion.**

   The Hilds have filed multiple requests for a modified scheduling order to complete discovery neglected by Mr. Brown due to his personal conflicts. The Trustee's opposition to reopening discovery (citing prejudice to its solvency report) is inconsistent, as similar reports are needed in related actions like the Wedbush adversary. As Mr. Brown observed, "it is somewhat bullshit (but not completely) for the Trustee to claim that there is all this prejudice with it [sic] expert report when Wedbush is still lingering out that [sic] there and they would need an expert solvency report in that case as well." Granting the Motion would compound these inequities.

## CONCLUSION

For the foregoing reasons, the Hilds respectfully request that the Court deny the Trustee's Motion, allow time for the Hild Entities to retain counsel upon resolution of the lis pendens motion, and schedule a hearing if necessary.

Dated: November 28, 2025

_____  
Michael C. Hild  
2302 E Marshall Street  
Richmond, VA 23223  
michaelchristopherhild@gmail.com  
(804) 306-4314

_____  
Laura D. Hild  
2302 E Marshall Street  
Richmond, VA 23223  
luludyer@yahoo.com  
(804) 873-8384

## Certificate of Service

I hereby certify that on November 28, 2025, I served the foregoing document via U.S. Mail on the Court and email on all counsel of record, including:

- Stanley B. Tarr, stanley.tarr@blankrome.com
- Lorenzo R. Thomas III, lorenzo.thomas@blankrome.com
- Michael B. Schaedle, mike.schaedle@blankrome.com
- Michael D. Silberfarb, michael.silberfarb@blankrome.com
- Bryan J. Hall, hall@chipmanbrown.com
- Charles Darren Stumberger cdjs2013@gmail.com

_____            _____
Michael C. Hild                                Laura D. Hild

**Exhibits**
A: Charles Brown's August 27, 2025 Letter [Adv. D.I. 225]
B: November 19, 2025 Email Thread



**EXHIBIT A**

*Charles J. Brown, III*
*302-425-5813*
*cbrown@gsbblaw.com*

August 27, 2025

**Via CM/ECF**
The Honorable Laurie Selber Silverstein
Chief United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

      RE: *David W. Carickhoff, solely in his capacity as Chapter 7 Trustee of Live Well Financial, Inc. v. Michael C. Hild, et al.*, Adv. Proc. No. 21-50966-LSS, Main Case No. 19-11317-LSS

Dear Judge Silverstein:

      I write to advise the Court that the Hilds are unwilling to participate in mediation while the *lis pendens* issue remains open. Their view is that their agreement to participate in mediation was contingent upon a ruling on the motion to quash the *lis pendens* that I filed on their behalf. The Hilds believe that without having that issue addressed, they are prejudiced in their efforts to participate in mediation. At the last status conference, following my Motion to Withdraw as counsel to the Hilds, I agreed to remain as counsel to assist the Hilds in the mediation process. The Hilds had initially opposed my Motion to Withdraw. More recently, the Hilds have docketed a letter to the Court stating that they no longer oppose my Motion to Withdraw.

      In light of these recent events, I would respectfully request that my Motion to Withdraw be granted as unopposed. Michael and Laura Hild have expressed an interest in representing themselves and, indeed, they have been filing a number of pleadings or letters with the Court on a *pro se* basis.



Of course, I recognize that the Hild Entities cannot represent themselves.  However, I believe that in order for the Hild Entities to be liable on any claim, either Mr. Hild, or certainly Mrs. Hild, would first have to be found liable.  As such, I do not believe that a default judgment against any Hild Entity would be appropriate unless, and until, Mr. and Mrs. Hild are first found liable.  Accordingly, even if the Hild Entities do not engage substitute counsel, I think that any potential prejudice against the Hild Entities would be mitigated.

I am advised that the Hilds would like to file a response to my letter.  I am available at the Court's convenience to address any questions or concerns that the Court may have.

          Respectfully,

          Charles J. Brown, III (DE 3368)

cc:    All counsel of record (via CM/ECF)
       Michael Hild and Laura Hild (via E-mail)

**From:** Ashley Gollmann AGollmann@gsbblaw.com
**Subject:** RE: Live Well Financial, Inc., Carickhoff v. Hild et al; 21-50966-LSS
**Date:** Nov 19, 2025 at 4:55:50 PM
**To:** Michael Hild michaelchristopherhild@gmail.com, Charles Brown cbrown@gsbblaw.com

Good afternoon,

Attaching the order.

Thank you
-Ashley

---

**From:** Michael Hild <michaelchristopherhild@gmail.com>
**Sent:** Wednesday, November 19, 2025 4:46 PM
**To:** Charles Brown <cbrown@gsbblaw.com>
**Cc:** Ashley Gollmann <AGollmann@gsbblaw.com>
**Subject:** Re: Live Well Financial, Inc., Carickhoff v. Hild et al; 21-50966-LSS

Charlie,

Did the Judge issue a written order granting your withdrawal? If so, can you please send us a copy? We have not been sent a copy of such an order by anyone, if it exists. This is the first we are hearing of a written order having been issued, which of course, we need for our records.

Thanks,
Michael

> On Nov 19, 2025, at 4:34 PM, Charles Brown <cbrown@gsbblaw.com> wrote:
>
> Michael:
>
> Judge Silverstein at the hearing said that she was going to grant my motion to withdraw. I submitted a written order in connection with my motion to withdraw which was filed months ago.
>
> My view is that the Trustee's claims against the Hild entities are derived from

the claims asserted against you and Laura – especially Laura. I thought that then and think that now. I stand by my comments that you quoted below. Please note that it is within the court's discretion to determine what is appropriate so while I suggested that the my withdraw could be done in a way that minimizes any prejudice to the Hild Entities, Judge Silverstein could require that the Hild Entities obtain legal counsel and if she so orders and if the Hild Entities do not obtain counsel as mandated by the court then the consequences that follow will be what they will be.

Please note that there is a difference between a "default" and a "default judgment". It is normally pretty straight forward when damages in a liquidated amount are sought to obtain a "default judgment". When the amount is not liquidated, then a court would enter a default and hold a hearing to determine damages – often called an inquisition hearing. In this case, the Trustee did seek damages in a liquidated amount but in order to get to the Hild entities, I do think that the Trustee needs to go through you and even more than you, Laura. You and Laura are disputing that either of you are liable so my view is that the claims against the Hild Entities should be considered fully liquidated until the claims against you and Laura are decided. 

I will note that in reviewing the Trustee's memo, the Trustee cites no authority for the proposition that it is appropriate to the strike the answer. The Trustee merely claims that he feels that it is an appropriate remedy – apparently based on the legal authority that the Trustee wants it. The

Trustee cites authority which provides that counsel can withdraw without permission if there is another attorney substituting in. I don't understand why they even citing to that because I asked for court permission to withdraw and the court granted that permission. In granting my request for leave to withdraw, the Court had the benefit the language that you quoted below. Please be aware that the Court is under no obligation to follow my suggestion, but I do think that it would be a fair result. I do think that Judge Silverstein would try to be fair. Even if she rules against you, I think that she is trying to be fair.

You and Laura are not attorneys and cannot appear as counsel for the Hild Entities but I think that you (and especially Laura) could file something in opposition to the request as "interested parties" and say that the Trustee cites no legal authority for striking the answer and that Laura should not essentially have her property (the Hild Entities) impaired when the claims against the Hild Entities are derivative of the claims against her and she did nothing wrong. There is the issue of "constructive fraud" where any transfer while Live Well was insolvent would be viewed as constructively fraudulent. The Trustee claims that they have devoted a lot of resources in putting together a solvency expert report. (I note that they claimed they this was done specifically for your adversary case but I note that there is also the Wedbush adversary action (and probably others) and I think that they would have needed a solvency report for that matter as well if that case were to go to trial). I am sure that the Trustee's solvency expert determined that Live Well was insolvent. I have obviously not seen that report but I imagine that when you see that, you will have some thoughts as to how you can rebut that.

I mention the Wedbush Adversary because you want to reopen discovery. The Trustee opposed this saying that they would be prejudiced by any additional information and having to have their solvency expert revise their report. The Wedbush case is not as advanced as your matter. I do think that it is somewhat bullshit (but not completely) for the Trustee to claim that there is all this prejudice with it expert report when Wedbush is still lingering out that there and they would need an expert solvency report in that case as well.

**From:** Michael Hild <michaelchristopherhild@gmail.com>
**Sent:** Wednesday, November 19, 2025 3:14 PM
**To:** Charles Brown <cbrown@gsbblaw.com>
**Cc:** Ashley Gollmann <AGollmann@gsbblaw.com>
**Subject:** Fwd: Live Well Financial, Inc., Carickhoff v. Hild et al; 21-50966-LSS

Charlie,

We received this notice of filing Monday late afternoon. I am surprised to receive this for two reasons (and with questions):

1) Did the Judge issue a written order granting your Motion to Withdraw? It is referred to in the attached Motion to Strike the Answers for the Hild Entity LLCs. We have received no notice from you, the Court or anyone else about any written orders from the Judge since the last hearing on October 30th, 2025. So we are surprised that we are seeing a written order referred to that we have never seen.

2) I thought from your verbal guidance as well as in the attached letter you filed with the Court that the Hild Entity LLCs weren't at risk unless a judgement for fraud was found:

*"However, I believe that in order for the Hild Entities to be liable on any claim, either Mr. Hild, or certainly Mrs. Hild, would first have to be found liable. As such, I do not believe that a default judgment against any Hild Entity would be appropriate unless, and until, Mr. and Mrs. Hild are first found liable. Accordingly, even if the Hild Entities do not*

*engage substitute counsel, I think that any potential prejudice against the Hild Entities would be mitigated."*

However, I am interpreting this motion to mean that Carickhoff is attempting to have the Hild Entity LLC answers stricken, followed by a default judgement, only a matter of days after your withdrawal was apparently approved (but never sent to us). So basically Carickhoff wins the case. This is obviously catastrophic. Can you please clarify?

Michael

Begin forwarded message:

**From:** "Thomas, Lorenzo" <lorenzo.thomas@blankrome.com>
**Date:** November 17, 2025 at 4:04:00 PM EST
**To:** "Thomas, Lorenzo" <lorenzo.thomas@blankrome.com>
**Cc:** "Tarr, Stanley B." <stanley.tarr@blankrome.com>
**Subject: Live Well Financial, Inc., Carickhoff v. Hild et al; 21-50966-LSS**

Good afternoon,

Please find attached *Plaintiff Chapter 7 Trustee's Motion to Strike Answer Solely as to the Hild Entities* [Adv. D.I. 234] that was filed in the above-referenced adversary proceeding.

**Lawrence R. Thomas III** | BLANK**ROME**
1201 N. Market Street | Suite 800 | Wilmington, DE 19801
lorenzo.thomas@blankrome.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



**order re hild adv.pdf**
87 KB

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee of Live Well Financial, Inc.,<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER,<br><br>and<br><br>JOHN DOES 1-100;<br><br>Defendants. | Adv. Pro. No. 21-50966 (LSS) |

## ORDER GRANTING
## MOTION TO WITHDRAW AS COUNSEL TO HILD DEFENDANTS

Upon consideration of the *Motion to Withdraw as Counsel to Hild Defendants* (the "Motion")

filed by Gellert Seitz Busenkell & Brown, LLC, and any responses thereto, and the Court finding

that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); it is hereby ORDERED that:

1. The Motion is GRANTED.

*[signature]*
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: Oct. 30, 2025
Wilmington, Delaware