# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>　　　　　　　Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS) |
| DAVID W. CARICKHOFF, solely in his capacity as the Chapter 7 Trustee of Live Well Financial, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER, and JOHN DOES 1-100,<br>　　　　　　　Defendants. | Adv. No. 21-50966 (LSS)<br><br>Re: Adv. D.I. 235 |

### PLAINTIFF CHAPTER 7 TRUSTEE'S OBJECTION TO DARREN STUMBERGER'S MOTION TO VACATE DEFAULT AND ANY DEFAULT JUDGMENTS

Plaintiff David W. Carickhoff, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Live Well Financial, Inc., submits this Objection to the

*Motion to Vacate Default and Any Default Judgments* [Adv. D.I. 235] (the "Motion") filed by Darren Stumberger ("Mr. Stumberger"). For the following reasons, the Motion should be denied:

## BACKGROUND

1. On June 28, 2021, the Trustee commenced the above-captioned adversary proceeding by filing the *Complaint* [Adv. D. I. 1] (the "Complaint").

2. On June 29, 2021, the summonses were issued. *See*, *e.g.*, Summons and Notice of Pretrial Conference directed to Defendant C. Darren Stumberger, [Adv. D.I. 5] (the "Summons").

3. Undersigned counsel for the Trustee had numerous calls and emails with attorney Xavier Donaldson, Esq. ("Mr. Donaldson"), who was Mr. Stumberger's counsel in his criminal case in the District Court for the Southern District of New York and who communicated with the undersigned with respect to this adversary proceeding. Attached hereto as Exhibit A is an email exchange between undersigned counsel for the Trustee and Mr. Donaldson between July 2021 and March 2022.

4. In October 2021, the Trustee and Mr. Stumberger entered into the *Stipulation Extending the Time for Defendant C. Darren Stumberger to Respond to the Complaint* (the "Stipulation"), which was approved by Order of the Court entered on October 11, 2021 [Adv. D.I. 30]. A copy of the Order and Stipulation are attached hereto as Exhibit B. Attached hereto as Exhibit C is the email thread by which Mr. Stumberger transmitted his signature page to the Stipulation to Mr. Donaldson and Mr. Donaldson provided it to counsel for the Trustee.

5. The Stipulation contains the following provisions:

> "1. Mr. Stumberger shall have through and including January 7, 2022 (the "Extension"), to file an answer, move, or otherwise plead in response to Complaint filed by Plaintiff on June 28, 2021 [Adv. D.I. 1].
>
> "2. The Extension is without prejudice to the rights of Mr. Stumberger to seek a further extension of his time to answer, move, or otherwise plead in

> response to Complaint or the rights of Plaintiff to oppose any such further extension.
>
> "3.   C. Darren Stumberger agrees the Summonses and Complaint in this Adversary Proceeding were properly served on him and agrees not to raise an affirmative defense to, or otherwise challenge, the sufficiency of service of process.
>
> "4.   C. Darren Stumberger agrees and admits the Summonses and Complaint contains his proper name and that Plaintiff has commenced this Adversary Proceeding against the properly named defendant; alternatively, C. Darren Stumberger agrees not to raise an affirmative defense, or otherwise claim, that Plaintiff failed to properly name C. Darren Stumberger in this action."

Exhibit B, Stipulation, at page 3.

6.   Similarly, the Court's Order approving the Stipulation provides, in relevant part, that "The time for C. Darren Stumberger to respond to the Complaint [Adv. D.I. 1] is extended through and including January 7, 2022." *Id.*, at page 2.

7.   Thereafter, the Trustee's counsel made a number of attempts to follow up with Mr. Stumberger's counsel regarding the answer deadline. *See*, *e.g.*, Exhibit A at pages 1-5. Among other things, the Trustee offered to further extend Mr. Stumberger's time to respond to the Complaint if Mr. Stumberger would agree to certain terms. *See* Exhibit A at page 5. The Trustee's counsel also cautioned that a default could be entered if Mr. Stumberger did not timely respond to the Complaint. *See* Exhibit A at pages 1 and 4.

8.   Mr. Stumberger did not respond to the Complaint by January 7, 2022.

9.   Mr. Stumberger also did not file a motion seeking to extend his time to respond to the Complaint.

10.   Ultimately, given the lack of a response from Mr. Stumberger, the Trustee was compelled to file the *Request for Entry of Default Against Defendant C. Darren Stumberger* [Adv. D.I. 51] (the "Request for Default") on March 24, 2022, which was more than 75 days after Mr.

3

Stumberger's response deadline. The Request for Default was served by first class mail and email upon Mr. Donaldson. *See id.* No response was received.

11. On March 25, 2022, the Clerk of Court entered default against Mr. Stumberger. *See Entry of Default* [Adv. D.I. 52] ("Default").

12. Subsequently, on November 22, 2023, the Trustee filed and served a notice of deposition of Mr. Stumberger. Attached hereto as Exhibit D are the parties' emails regarding the notice of deposition, including Mr. Stumberger's response.

13. On December 2, 2025, Mr. Stumberger filed the pending Motion seeking to vacate the Default that was entered against him on March 25, 2022.[1]

## OBJECTION

14. "A default may be set aside upon a showing of good cause." *Cockett Marine Oil US, Inc. v. Bravo Global Supply, LLC*, No. 24-640-MN, 2025 WL 2912927, at *2 (D. Del. Mar. 21, 2025) (citing Fed. R. Civ. P. 55(c), made applicable here by Fed. R. Bankr. P. 7055). Whether to vacate a default is a matter for the Court's discretion. *See id.* (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

> In exercising this discretion, the Court is to consider and weigh the following factors: (1) whether Plaintiff will be prejudiced if the default is set aside; (2) whether Defendant has a meritorious defense; and (3) whether the default was a result of Defendant's culpable conduct.

*Id.* "These standards apply regardless of whether the motion to vacate is brought under Civil Procedure Rule 55(c) or Rule 60(b)." *In re USN Commc'ns, Inc.*, 288 B.R. 391, 395 (Bankr. D. Del. 2003).

---

[1] The Motion contains various accusations of alleged misconduct by the Trustee and his counsel. These accusations lack merit and the Motion contains no evidence to support them. The Trustee does not intend to spend any more time addressing such accusations, but undersigned counsel stands ready to answer any questions the Court may have.

15. In *Cockett Marine*, the court vacated a default because (i) there was no prejudice to the plaintiff due to "the short time period between the Complaint and entry of default," (ii) the defendant had "sufficiently pled a meritorious defense," and (iii) the defendant promptly acted upon learning of the default. *Id.* at **3-4. By contrast, in *In re McGuire*, 450 B.R. 68, 74 (Bankr. D.N.J. 2011), the court denied a motion to vacate the default where the defendant "neither absolved himself of culpability nor adequately demonstrated a meritorious defense, his motion fails even under the more lenient standard for vacating entry of default." *Id.* Similarly, in *USN Communications*, the court denied a motion to vacate a default judgment because, although the court found excusable neglect, the defendant failed "to plead a meritorious defense with specificity." *USN Commc'ns*, 288 B.R. at 397.

### A. Mr. Stumberger Received Notice

16. Mr. Stumberger's principal argument in favor of vacating the Default is lack of notice. In the Motion, Mr. Stumberger states, "I was never served properly, never notified of relevant deadlines, and never given even the faintest chance to defend myself." Motion at 2.

17. This argument is contradicted by the terms of the Stipulation that Mr. Stumberger signed. The Stipulation evidences that Mr. Stumberger had actual knowledge of the pendency of this adversary proceeding and his time to respond or move for further time to respond. Among other things, in the Stipulation, Mr. Stumberger accepted service of the Summons and Complaint upon him. *See* <u>Exhibit B</u>, Stipulation, at page 3. Therefore, he cannot now assert that he was not properly served. Further, the Stipulation gave Mr. Stumberger a fair opportunity to defend himself by either filing an answer by the January 7, 2022 deadline to which he agreed or to seek a further extension. *See id.* Mr. Stumberger did neither of these things.

18. Mr. Stumberger's argument that he had no notice provides no basis to vacate the Default entered two and a half months after Mr. Stumberger failed to answer by the agreed deadline.

### B. Prejudice to the Trustee

19. The Trustee, the estate, and creditors all would be prejudiced if the Default against Mr. Stumberger were vacated at this late stage of the litigation.

20. This adversary proceeding has been pending since June 2021. *See* Adv. D.I. 1. Mr. Stumberger's answer was due in January 2022, nearly four years ago. *See* Exhibit B.

21. Fact discovery among the Trustee and all other Defendants has long since closed. *See Agreed Thirteenth Amended Scheduling Order*, Adv. D.I. 183 ¶ 1.h ("All fact discovery shall be completed by no later than March 7, 2024."). The only things remaining for all of the parties is to exchange expert reports and proceed to dispositive motions and trial.

22. Vacating the Default against Mr. Stumberger, after the close of fact discovery, could result in months, if not years, of delays in disposition of this adversary proceeding, which would be manifestly prejudicial to the estate and creditors.

23. If the Court were to consider vacating the Default against Mr. Stumberger, which it should not do, then the Trustee respectfully submits that this adversary proceeding should be bifurcated so that any delay with respect to Mr. Stumberger does not also delay this adversary proceeding with respect to the other Defendants.

### C. Mr. Stumberger Lacks a Meritorious Defense

24. In the Motion, Mr. Stumberger asserts that he "will provide a meritorious defense," but he offers no explanation whatsoever of what that defense will be. Motion at 2.

25. To vacate the Default, Mr. Stumberger is required to show he has a meritorious defense, namely, that the allegations supporting his defense, "if established at trial, would constitute a complete defense." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (denying motion to vacate where no evidence of meritorious defense was presented). "[S]imple denials or conclusionary statements" are not sufficient. *Id.* "Failure to establish a meritorious defense can be fatal" to a request to vacate a default. *McGuire*, 450 B.R. at 73; *see $55,518.05 in U.S. Currency*, 728 F.2d at 195; *USN Commc'ns*, 288 B.R. at 397.

26. Mr. Stumberger's failure to sufficiently articulate his defense, after more than four years, is grounds for denying the Motion.

27. Further, Mr. Stumberger cannot establish an affirmative defense because he already has pleaded guilty or otherwise testified to the operative facts.

28. Among other things, in August 2019, Mr. Stumberger signed a plea agreement with the government and made a plea allocution in federal court. A copy of the transcript of Mr. Stumberger's plea allocution is attached hereto as Exhibit E. Mr. Stumberger voluntarily pleaded guilty to each of the five counts in the indictment. *See* Exhibit E, Transcript at 24:14-25:9; 27:3-29:3. As part of his allocution, Mr. Stumberger also testified, among other things, that:

> From 2015 until its bankruptcy in 2019, Live Well, at the direction of its CEO Michael Hild, submitted inflated valuations to IDC knowing that IDC was publishing those valuations in its database verbatim and expecting that Live Well's lenders would rely on those inflated valuations in making lending decisions. Live Well's knowing publication of inflated valuations caused lenders to be less secure in their extension of credit to Live Well than they believed.
>
> I was aware that Live Well was doing this. I knew that it was wrong for Live Well to submit valuations that did not reflect the market value of the interest-only bonds in Live Well's portfolio, but I nevertheless provided support for the effort from 2015 through the middle of 2017.

Exhibit E at 25:22-26:9.

29. In addition, Mr. Stumberger testified extensively at Mr. Hild's criminal trial, and Mr. Stumberger entered into a consent judgment with the Securities and Exchange Commission.

30. Mr. Stumberger's guilty plea and other prior statements preclude any meritorious defense to the Trustee's claims against him in this adversary proceeding. *See Anderson v. Comm'r*, 698 F.3d 160, 164 (3d Cir. 2012) (holding a criminal conviction for tax evasion "conclusively establishes the defendant's civil liability for tax fraud for the same year" and articulating a three-part test that a defendant's prior guilty plea in a criminal case is binding upon him in a subsequent civil case under the doctrine of collateral estoppel where "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.") (internal quotation omitted); *Sec. & Exch. Comm'n v. Paul*, No. CV 16-1326, 2023 WL 2562977, at *1 (E.D. Pa. Mar. 17, 2023) (where defendants "pleaded guilty to securities fraud" and "the criminal case covered the same conduct during the same time frame at issue in this civil action," the court was bound to grant summary judgment against defendants in the civil case).

### D.    Mr. Stumberger's Responsibility for the Default

31. As set forth in Section A above, Mr. Stumberger signed the Stipulation, accepted service of the Summons and Complaint upon him, and agreed to respond to the Complaint by January 7, 2022. *See* Exhibit B. When Mr. Stumberger failed to timely respond to the Complaint, the Trustee did not immediately seek a default. On the contrary, the Trustee's counsel spent another two and a half months attempting to engage with Mr. Stumberger, to no avail. *See* Exhibit A at pages 1-4. Mr. Stumberger ignored the agreed answer deadline. Mr. Stumberger did not seek a further extension from the Court. Mr. Stumberger's conduct resulted in entry of the Default.

32. Further, in November 2023, Mr. Stumberger had actual notice that this adversary proceeding was ongoing when he received a deposition notice, but Mr. Stumberger took no action at that time.

33. In the Motion, Mr. Stumberger claims he learned of the Default on June 5, 2025. Even if that were true, which the Trustee does not concede, Mr. Stumberger waited five more months before filing the pending Motion. Mr. Stumberger's failure to act promptly and diligently provides a further ground for denying the Motion.

## RESERVATION OF RIGHTS

34. The Trustee, on behalf of himself and the estate, expressly reserves all rights, claims, causes of action, defenses, and arguments.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny the relief requested in the Motion and grant the Trustee such other relief as may be just, necessary, and proper.

Dated: December 12, 2025					CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Bryan J. Hall*
Alan M. Root (No. 5427)
Bryan J. Hall (No. 6285)
Hercules Plaza
1313 N. Market St., Suite 5400
Wilmington, DE  19801
(302) 295-0191
Root@ChipmanBrown.com
Hall@ChipmanBrown.com

-and-

Stanley B. Tarr (No. 5535)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Email: Stanley.Tarr@blankrome.com

-and-

Michael B. Schaedle (admitted *pro hac vice*)
Michael D. Silberfarb (admitted *pro hac vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com

*Counsel for Plaintiff David W. Carickhoff, the Chapter 7 Trustee*