# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>      Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS) |
| LIVE WELL FINANCIAL, INC., by and through David W. Carickhoff, as Liquidating Trustee,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER,<br><br>and<br><br>JOHN DOES 1-100,<br>      Defendants. | Adv. No. 21-50966 (LSS)<br><br>**Re: Adv. D.I. 105, 107, 155, 158, 162, 203, 204, 205, 206, 209, 210, 211, 212, 213, 214, 217, 218, 221, 222, 224, 236, 237, 238, 239, 240, 241, 243** |

## PLAINTIFF CHAPTER 7 TRUSTEE'S OMNIBUS RESPONSE TO *PRO SE* MOTIONS OF MICHAEL C. HILD AND LAURA D. HILD

  Plaintiff, David W. Carickhoff, the Chapter 7 Trustee ("Trustee") of the estate of Live Well Financial, Inc. ("Debtor"), by and through undersigned counsel, files this omnibus response

156009179

("Omnibus Response") to a litany of duplicative and expedited *pro se* motions filed by Michael C. Hild and Laura D. Hild (together, "Hilds"), and respectfully states as follows.

## OMNIBUS RESPONSE

1. The Hilds' *pro se* motions concern matters already pending on the Court's docket and constitute an abuse of process that should not be countenanced by the Court because the *pro se* motions prejudice the Trustee and the estate by forcing unnecessary expenditure of estate resources. The Court should put an end to this legal strategy being employed by the Hilds to force the Trustee's incurrence of repetitive, duplicative fees and costs related to *pro se* matters already pending before the Court.[1]

2. <u>First</u>, as an agent for a client, an attorney binds a client by actions taken within the scope of such attorney's authorized representation. *Frank v. Cnty. of Hudson*, 962 F. Supp. 41, 43 (D.N.J. 1997) (*citing Freeman v. Petsock,* 820 F.2d 628, 629 (3d Cir.1987) and applying general rule that an attorney has the authority as an agent to bind a client on actions taken within the scope of the attorney's authority). So too here.[2] There is no dispute that prior counsel to the Hilds and the certain entities they own or control[3] acted within the scope of his engagement when entering into the scheduling order (as amended at D.I. 183, "Scheduling Order") on their behalf. Accordingly, the agreed deadlines in the Scheduling Order are binding upon the Hilds and the Hild Entities and should be enforced. *See, e.g., Meck v. Christiana Care Health Services, Inc.*, 2011

---

[1] The Trustee expressly reserves the right to seek reimbursement of fees and costs from the Hilds at an appropriate time.

[2] In contrast, in connection with the parties' briefing on the Trustee's separately pending motion to strike the Answer solely as to the Hild Entities [*see* Amended Notice of Completion of Briefing, D.I. 246], the Hilds argue that the Court and the Trustee are bound by *their* former counsel's representations concerning the alleged derivative nature of claims asserted against the Hild Entities.

[3] Specifically: Defendants Church Hill Ventures LLC, Anderson's Neck LLC, The Butterbean LLC, Climax Beverage Co. LLC, Dogtown Brewing LLC, Gardenia LLC, Hot Diggity Donuts LLC, Kingfisher LLC, Manastoh Brewing LLC, Urban Bleat Cheese Co. LLC, Aragon Coffee Co. LLC, Peter Stumpf Brewing Company LLC, Pin Money Pickles LLC, Rosenegk Brewing Co. LLC, and Valentine's Meat-Juice Company LLC—the "Hild Entities."

2

156009179

WL 1226456 (Del. Super. Mar. 29, 2011) ("It is well-settled in this state that '[p]arties must be mindful that scheduling orders are not mere guidelines but have full force and effect as any other order of the [Superior] Court.' Adherence to case scheduling orders is essential to the orderly administration of the Court's docket.") (internal citations omitted).

3. Whatever prior counsel's failures in meeting his clients' expectations, as alleged in the Hilds' (*not the Hild Entities'*) *pro se* motions to reopen discovery and modify the Scheduling Order (at D.I. 187 and 241, "Discovery Extension Motions"), the appropriate remedy for them lies against their former counsel and ***not*** in delay of the Trustee's prosecution of causes of action and/or forcing the incurrence of additional fees and costs to the Trustee and the estate, thereby prejudicing creditors. In fact, the parties engaged in extensive fact discovery for more than a year (during which time tens of thousands of documents were produced, both sides served several subpoenas (and received responses), and multiple depositions took place) and the Hilds actively participated in such discovery. Indeed, in addition to being deposed themselves, the Hilds attended multiple other depositions, including Mr. Brown's in-person deposition of the Trustee, and attended oral arguments in this adversary proceeding.

4. Now, by the Discovery Extension Motions, the Hilds seek vacatur of *all* expired deadlines in prior scheduling orders, a reopening of fact discovery for an additional *180 days*, the Court's designation of specific nonparties from whom the Hilds may seek discovery (*see* D.I. 241, Proposed Order, at ¶ 3), and the Court's negotiation and drafting of a new case schedule allowing for an additional 180 days of motion practice, including dispositive motions. Pursuant to the Scheduling Order, among other things, the time for service of written discovery demands, including interrogatories and requests for production of documents, was by no later than *June 2,*

3

156009179

*2023*, fact depositions by no later than *February 29, 2024*, and completion of all fact discovery by no later than *March 7, 2024*. The Discovery Extension Motion should be denied.

5. *Second*, the Trustee maintains his objection to the myriad *pro se* motions pending and expedited *pro se* motions recently filed by the Hilds to compel compliance with Michael Hild's improperly issued subpoenas, as set forth in the Trustee's letter to the Court [D.I. 208],[4] and motions concerning Dan Foster [D.I. 204, 240] ("Foster Subpoena Motions"), Russell Walker [D.I. 206, 212, 237, 243] ("Walker Subpoena Motions"), and the Securities and Exchange Commission [D.I. 177, 214, 236] ("SEC Subpoena Motions," and collectively with the Foster Subpoena Motions and the Walker Subpoena Motions, "Subpoena Motions") and avers that such Subpoena Motions should be denied for at least three reasons: (a) pursuant to Fed. R. Civ. P. 45(a)(3), made applicable by Fed. R. Bankr. P. 9016, only the clerk or an attorney authorized to practice may issue and sign a subpoena, and Mr. Hild is neither; (b) pursuant to Fed. R. Civ. P. 45(a)(4), made applicable by Fed. R. Bankr. P. 9016, Mr. Hild was required to give notice and/or service of the subpoenas to the Trustee in advance of issuance, and he did not; and (c) fact discovery closed on March 7, 2024 (*see* Scheduling Order).

6. *Third*, for all the reasons set forth in the Trustee's papers (*see Notice of Completion of Briefing*, at D.I. 163) in opposition to the Hilds' already pending motion to quash the *lis pendens*, the Trustee opposes the Hilds' duplicative, emergency motion filed *pro se* regarding the same matter (*see* D.I. 239 "Quash Motion") should be denied. More specifically, the Hilds cannot meet their burden to show the Complaint does not seek to establish the estate's interest in the certain properties subject to *lis pendens* and to effect a transfer of title (because it does) and as such, the policy purposes of a *lis pendens* are served when, as here, Laura Hild's testimony that the Hild

---

[4] The Trustee's pending responses to the *Pro Se* Motions referenced herein are hereby incorporated as if fully set forth herein.

156009179

Entities' were attempting to sell certain of the properties remains unrefuted and the *lis pendens* filings are absolutely privileged.

7. *Finally*, regarding the *pro se* motion and supplemental motion for sanctions [D.I. 203, 238] (together, "Sanction Motions"), the Trustee hereby files this second preliminary objection to the Hilds' requests for sanctions against the Trustee and his counsel as meritless and defamatory and requests the Court, in advance of the Trustee and counsel having to undertake a more vigorous and fulsome (but unnecessarily expensive) defense, schedule briefing on the Sanction Motions to the extent the Court determines an evidentiary hearing on the matter to be necessary and appropriate. The Trustee and counsel believe the Court may take judicial notice of the matters alleged in the Sanctions Motion (for example, the Hilds seeking ethical sanctions for counsel informing the Hilds that they should limit their *pro se* communications to Chambers while being represented by counsel) and can summarily deny the Sanctions Motions as frivolous without need for an evidentiary hearing.

## CONCLUSION

For these reasons, the Trustee respectfully requests that the Court deny the *Pro Se* Motions and grant such further order as is just, necessary, and proper.

Dated: December 12, 2025

/s/ *Stanley B. Tarr*
Stanley B. Tarr (No. 5535)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Email: Stanley.Tarr@blankrome.com

-and-

Michael B. Schaedle (admitted *pro hac vice*)
Michael D. Silberfarb (admitted *pro hac vice*)
BLANK ROME LLP
One Logan Square

156009179

130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com

-and-

Alan M. Root (No. 5427)
Bryan J. Hall (No. 6285)
CHIPMAN BROWN CICERO & COLE, LLP
Hercules Plaza
1313 N. Market St., Suite 5400
Wilmington, DE 19801
Tel: (302) 295-0191
Root@ChipmanBrown.com
Hall@ChipmanBrown.com

156009179